### 3999.   GASKIN *v.* THE STATE.

The case is controlled by the decision this day rendered in *Gaskin* v. *State* (No. 3998), ante, 11.

DECIDED APRIL 2, 1912.

Indictment for assault with intent to murder; from ·Berrien superior court—Judge Thomas.   December 29, 1911.

*J. P. Knight, W. G. Harrison, E. K. Wilcox,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.

POTTLE, J.   In this case the accused was convicted of assault with intent to murder W. D. Buie.   The case is very similar to the other case against the accused, this day decided (ante, 11), in which he was charged with having assaulted, with intent to murder, one Albritton.   The shooting all occurred about the same time.   The evidence shows, that the accused shot eight or nine times, and that one of the shots went through a window-pane in the law office of Judge Buie, which was located upstairs, and that he also shot two or three times after that in the direction of this office.   It is contended that the evidence demanded a conviction of the higher offense.   In this case there was proof that a short time before the shooting, and while the accused was drunk, he stated that if Buie did not retract some assertion he had made, there was going to be trouble, and that he would kill Buie.   This evidence would unquestionably have authorized the verdict returned by the jury, but it did not demand it.   It appears that Judge Buie received information that the accused might attack him.   Shortly thereafter, upon hearing a shot fired on the street, Judge Buie went to the window of the office in which he was staying and saw the accused down on the street with a pistol in his hand.   He then went out of his office and fastened two of the doors on the outside,

and, while he was in the act of fastening these doors, the first bullet was fired. It is inferable from this testimony of the prosecutor that the accused could not have seen him when the shot was fired. Taking the evidence as a whole, the jury would have been warranted in finding in this case, as in the other case, that the accused, in a drunken frenzy, was indulging in promiscuous shooting, with a wanton and reckless disregard of consequences, with no specific intent to kill anybody. The accused shot at the courthouse, at the school commissioner's office, and at Barnett's store. The evidence did not demand a finding that at the time the shot was fired the accused had a specific intent to kill Judge Buie. This being so, the case is controlled by the decision this day rendered in the case in which the accused was charged with having assaulted Albritton with intent to kill him.     *Judgment reversed.*