### 4527.  GASKINS v. THE STATE.

1. The evidence authorized the conviction of the offense of assault with in-
tent to murder.

2. Where the jury returns a verdict of assault with intent to murder, with
a recommendation that the accused be punished as for a misdemeanor,
it is absolutely within the discretion of the trial judge whether he
will follow the recommendation, and his refusal to do so can not be
made the subject-matter of review in the Court of Appeals.

3. Where, in the trial of an indictment charging assault with intent to
murder by shooting at another with a pistol, the trial judge instructed
the jury generally that if they believed the accused shot at the person
named in the indictment, without any intent to kill him, and not in
his own defense or other circumstances of justification, he would be
guilty of the statutory offense of shooting at another, it was not error,
in the absence of a request so to do, to fail to give more specific in-
structions upon the law relating to that offense.

4. A party can not complain of an error which he himself has invited.

5. It affords no cause for complaint that the trial judge charged the doc-
trine of reasonable fears.  Even if such an instruction was not pertinent
under the evidence, it was not prejudicial.

6. The trial judge having instructed the jury that if they found the ac-
cused guilty generally, he would be punished as for a felony, "unless
by their recommendation he be punished as for a misdemeanor," it was
not error to fail to add that such recommendation could be ignored by
the court.  Nor was the instruction as given so misleading as to operate
to the prejudice of the accused.

7. The action of a trial judge in a criminal case, after a verdict of guilty
is returned, in hearing further evidence in order to determine the
character of punishment to be imposed, can never be made the subject-
matter of review in the Court of Appeals.

DECIDED DECEMBER 21, 1912.

Indictment for assault with intent to murder; from Berrien su-
perior court—Judge Thomas.   October 12, 1912.

The accused was convicted of assault with intent to murder W. D.
Buie.   The trial judge disregarded the jury's recommendation that
he be punished as for a misdemeanor, and sentenced him to a term
of six years in the penitentiary.  His motion for a new trial was
overruled, and he excepted.

*E. K. Wilcox, Knight, Chastain & Gaskins, J. D. Lovett, John
R. Cooper,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.

POTTLE, J.   1.   This is the second appearance of this case in
this court.   The accused was convicted of the same offense at a
previous term of Berrien superior court, and the judgment over-
ruling his motion for new trial was reversed, because the trial

7

judge failed to charge the law relating to the statutory offense of shooting at another. 11 *Ga. App.* 13 (74 S. E. 555). It was held by this court that upon the record then presented, the evidence would have authorized a verdict of assault with intent to murder, but that inasmuch as the evidence would also have authorized a conviction of the statutory offense of shooting at another, it was error to refuse to give the law of this offense in charge. It is now contended that the evidence in the present record did not authorize a finding that, at the time of the shooting, the accused had a specific intent to kill W. D. Buie. It appears from the evidence that the accused fired three shots from his pistol, either into or in the direction of the law office of Judge Buie. A few minutes before the shooting the accused had stated that if Buie did not retract some statement which he had made, the accused would kill him. Shortly thereafter the accused came down the street in the direction of Judge Buie's office, and when he arrived within a short distance thereof, he raised his pistol and fired in the direction of the window of the office. It seems that after this shot was fired, some one who was in the office with Judge Buie fired two or three times at the accused, who again fired his pistol in the direction of the office. The transaction was thus described by Keefe, one of the witnesses for the State: "I saw him shoot into Judge Buie's office. When I saw the shots he was coming up the street. Some one stepped to the window. It was Judge Buie who stepped to the window. He levelled his pistol on the window after Judge Buie jumped out of the window, behind the wall. I didn't see any more of him, and Gaskins shot in the window at that time. When Judge Buie appeared at the window Gaskins levelled his pistol on him. Judge Buie jumped back behind the wall. He jumped back in the window. The shot from Gaskins's pistol went in the same window that Judge Buie appeared at. He kept shooting up there." If the jury believed this testimony, as they had a right to do, it was enough, when considered in connection with the threats made by the accused a few minutes previously, to authorize his conviction of assault with intent to murder.

We agree with the general proposition contended for by counsel for the accused, to wit, that if one discharges a loaded pistol at another who is in a position where it would be impossible to hit him, and the person firing the pistol knows this fact, he could not be said, legally speaking, to have made an assault with a specific

intent to kill. It is undoubtedly true that it must be physically possible to carry the intent into execution before there can be such an assault as would authorize a conviction of the offense of assault with intent to murder. To desire to take human life is one thing, and to assault another with the specific intent to kill him is quite a different thing. The biblical doctrine, that "as a man thinketh in his own heart so is he," has no application to the Penal Code. But this contention of counsel is inapplicable to the evidence. If one sees or has reason to believe that another is in a position where he can be hit with a pistol-ball, and with this knowledge shoots at him, intending to kill him, he is guilty of assault with intent to murder, whether he hits him or not, and although the person shot at may suddenly jump or dodge behind an obstacle through which a pistol-ball will not penetrate. There was enough evidence in the present case to authorize the jury to infer that the accused saw Judge Buie at his office window. It is true that no witness testified positively that the accused did see him; and, from the nature of things, no such testimony could be offered; but the evidence shows that Judge Buie stepped to his window, in full view of the accused, and that almost immediately thereafter the accused pointed his pistol at the place where Judge Buie was standing, and discharged it just as Judge Buie jumped behind the wall in his office.

Granting, for the sake of the argument, that the accused could not be convicted on account of the second or third shots which he fired in the direction of the office, there was enough evidence to authorize the jury to find that when he fired the first shot he made an assault upon Judge Buie with intent then and there to kill him. It can not, therefore, be held that the trial judge abused his discretion in overruling the motion for new trial, so far as the general ground that the verdict is contrary to evidence is concerned.

2. Complaint is made that the trial judge disregarded the recommendation of the jury and sentenced the accused as for a felony. This was a matter absolutely within the discretion of the presiding judge, and his action is final. *Guthrie* v. *State*, 125 *Ga.* 291 (54 S. E. 180).

3. Further exception is made that the court did not enlighten the jury with reference to the definition of the statutory offense of shooting at another, or as to the penalty for that offense. The

judge charged the jury that if they believed that the accused shot at W. D. Buie, but he did so without any intent to kill, they would be authorized to find him guilty of the statutory offense of shooting at another not in his own defense or under other circumstances of justification. This was a sufficient instruction upon the law of this offense, in the absence of a request for a more specific charge.

4. Error is assigned upon an instruction in reference to the law of self-defense. It is insisted that as the accused claimed in his statement that he did not shoot at Buie at all, it was error to give an instruction of this nature. The trial judge charged: "The defendant, among other things, sets up that whatever was done by him was done in self-defense." Evidently the trial judge intended to give the accused the benefit of this defense because of the fact that it appeared from the evidence that two or three shots were fired from Judge Buie's law office at the accused. There may be some doubt as to whether the accused was entitled to the benefit of such an instruction, but certainly it affords him no cause for complaint. Moreover, the trial judge certifies that he inquired of counsel for the accused whether or not he should charge the law of self-defense, and counsel replied that this law should be given. If error was committed, it was at the invitation of counsel, and the rule is well settled that a party can not complain of an error which he himself has invited.

5. Nor can the accused justly complain that the court charged the jury that if the circumstances were such as to excite the fears of a reasonable man and the accused shot under the influence of such fears, he would not be guilty. The criticism of counsel upon the court's instruction on this line is especially directed to the following excerpt: "The law does not justify an attempt to kill by one who believes he has grounds to fear he will be injured without regard to the extent of the injury." This was followed by an instruction that the accused must be acting under the fears of a reasonably courageous man that a felony was about to be committed upon his person. This instruction was in accord with sections 70 and 71 of the Penal Code, and the illustration used by the trial judge was the only one set forth in section 70 which was applicable to the facts of this case.

6. Further complaint is made that the court instructed the jury that if they found the defendant guilty, he would be punished

as for a felony, "unless by their recommendation he be punished as for a misdemeanor." It is insisted that the court should have gone further and instructed the jury that any recommendation they might make upon the subject could be ignored by the court. The question of punishment is a matter entirely within the discretion of the trial judge. A recommendation of the jury might have persuasive force, but he is not bound by it. The court properly instructed the jury that they had a right to recommend that the accused be punished as for a misdemeanor, but it was not error to fail to add that the court had the power to disregard such recommendation. *Echols* v. *State,* 109 *Ga.* 508 (34 S. E. 1038). It is contended that this instruction upon the subject of the form of the verdict was couched in such language that the jury were misled into believing that if they recommended that the accused be punished as for a misdemeanor, their recommendation would be followed, and that if it had not been for this misleading instruction, the jury might have acquitted the accused or found him guilty of a lesser offense than assault with intent to murder. We do not think the charge is subject to this criticism. The jury found that the accused assaulted W. D. Buie with intent to kill him; they evidently were of the opinion that the circumstances were such as to justify a misdemeanor sentence, instead of punishment for a felony. The trial judge disagreed with this opinion, as he had a right to do, and there is nothing in the instruction which would justify a reversal by this court.

7. After the verdict of the jury in a criminal case is returned, it is not only the right but the duty of the trial judge, if he is not already satisfied from the evidence which has been produced, to enter upon further investigation of the circumstances, in order to determine the punishment which shall be imposed. No such investigation, however extended it may be, nor any statement made by the court after the verdict has been returned, in reference to his view of the evidence, or the gravity of the offense, can ever be the subject-matter of review in the appellate court.

*Judgment affirmed.*