6453.   AVERY *v.* ARMOUR FERTILIZER WORKS.

RUSSELL, C. J.   1. The fact that one who is on the panel of a jury is the first cousin of the son-in-law of "the principal witness for the plaintiff corporation, and the only representative of the plaintiff corporation in court upon the trial" of the case, does not disqualify him from serving as a juror.

> "The groom and bride each comes within
>     The circle of the other's kin;
>     But kin and kin are still no more
>     Related than they were before."
>         *Central R. Co.* v. *Roberts,* 91 *Ga.* 517 (18 S. E. 315).

2. In the state of the record in this case the error of admitting parol evidence relative to certain cotton receipts was not so prejudicial to the defendant as to have required the grant of a new trial.

3. It was not error to allow a witness, over objection that the notes themselves were the highest evidence, to testify that the defendant had purchased other goods from the plaintiff and had given other notes therefor.  "Where the matter to be proved is simply the fact that a contract has been made, as distinct from its terms or provisions, the best-evidence rule does not apply, and parol evidence is admissible."  17 Cyc. 477.

4. There being no reason stated why the court erred in refusing to admit the documentary evidence set out in the eighth ground of the motion for new trial, the mere assignment that the refusal to allow the evidence was error presents nothing for consideration by a court of review.

5. The trial judge having expressly disapproved the ground of the motion for a new trial in which complaint is made that the court refused to permit the defendant to testify that the indebtedness set out in a petition in another suit against the same defendant was all of the indebtedness which he owed the plaintiff therein at any time subsequent to July 1, 1914, and that none of said indebtedness had been paid by him in money or cotton or otherwise, this ground can not be considered.

6. While the final instructions of the court to the jury, in regard to the verdicts that might be returned, may have been inapt and not in accord with the exact issues being tried, still an examination of the charge as a whole discloses that the jury were made fully cognizant of the issue to be determined by them, and that the law applicable to the defenses interposed was given in the charge.

7. The verdict was authorized by the evidence, and there was no error in refusing a new trial. *Judgment affirmed.*

DECIDED JANUARY 10, 1916.

Affidavit of illegality; from city court of Leesburg—Judge Martin. February 18, 1915.

*Thomas H. Milner, J. B. Hoyl,* for plaintiff in error.

*Robert R. Forrester, H. A. Peacock,* contra.