### 7750.   CITY OF ATLANTA *v.* SCIPLE.

1. Each ground of a motion for a new trial should be complete within itself, or rendered so by exhibits attached thereto. Where the admission of evidence is complained of it must affirmatively appear that specific objections were made thereto at the time it was offered, and the evidence itself must be set out literally or in substance.

2. Tax returns as contained in the tax-receiver's digest, while in the nature of admissions, are not conclusive as to the value of the property returned; and when such returns are introduced as evidence to show contradictory statements of the value of property by the person making the returns, he should be allowed to show in rebuttal the circumstances under which the returns were made; the weight of the testimony, under all the facts, to be determined by the jury.

3. Where evidence is offered and objected to, and a portion thereof is admissible and a part objectionable, unless the illegal portion is specified and properly objected to, the whole will be admitted.

4. Where a municipality, by changing the grade of a street, makes it necessary for an owner of property abutting thereon to incur expenses in adjusting the building on the property to the new level of the street, it is proper to admit in evidence the cost of such work, not as an independent item of special damage, but as a circumstance to throw light upon the general question as to the diminution of market value.

5. Where checks are given in payment for material necessary for certain work, and the cost of the work must be shown, the checks, when properly identified, are admissible as a part of the evidence to show the cost of the work.

6. What is customary or usual for property owners to do in the construc-
-tion of their buildings in one part of a city is not material or relevant
evidence in determining the duty of a property owner in a different
part of the city, as to the adjustment of his building to the new level
of the street, caused by grading.

7. When considered in connection with the entire charge, there is no error
in the excerpts therefrom, complained of in the motion for new trial.

DECIDED APRIL 5, 1917. .

Action for damages; from city court of Atlanta—Judge Reid.
June 24, 1916.

*J. L. Mayson, S. D. Hewlett,* for plaintiff in error.

*Reuben R. Arnold,* contra.

BLOODWORTH, J.   Sciple brought suit against the City of At-
lanta, alleging that the city had damaged him in the sum of $25,-
000, because of facts briefly stated as follows: that he owned on
Whitehall street in said city three pieces of property, on one of
which was located a brick building known as 126 Whitehall street,
and on the other lots a large two-story brick building known as
Nos. 134, 136, 138 Whitehall street; that the city lowered the grade
of said Whitehall street, and that the work in lowering the grade
began about October 15, 1913, and lasted until about May 1, 1914,
the street being closed in front of said building in the meantime;
that in lowering said grade the plaintiff's property was left high
and inaccessible; that the lot on which was located the larger build-
ing was left approximately seven feet above the street, and the
street and sidewalk in front of the other was cut down about ten
feet, and he was forced to build a sub-story to put the stores on a
level with the street as left after the grading; that the total rental
value of said stores before the grading commenced was $625 per
month, and that "during the time of said grading the street was
entirely closed to vehicle traffic and almost entirely closed to foot
traffic, and the transaction of any business was rendered impos-
sible, rendering the rental value of said stores nothing at all to
the plaintiff." By amendment the plaintiff alleged that prior to
the grading, the market value of his property was $130,000, and
after the grading only $105,000, and that he was damaged in the
sum of $25,000 by the depreciation in the market value thereof.

The City of Atlanta denied liability, and alleged: that at no
time was the street closed to traffic; that the stores thereon re-
mained open, and that the stores of the plaintiff were not rented

either before or after said work, either because of price or location, and that the loss of rental was not due to the change of grade; that the change of grade increased the rental value of said property thirty per cent. A trial resulted in a verdict for plaintiff for $3,500. Thereupon the City of Atlanta filed a motion for a new trial, which was overruled, and the case is before this court for review.

1. In addition to the general grounds the motion for a new trial contains about a dozen special grounds, and in these is included unnecessary and irrelevant matter, the insertion of which required considerable time and labor on the part of counsel, and in addition placed upon this court the necessity of searching through a great mass of "entirely needless phraseology" to discover the points sought to be made by the motion. In this connection attention is called to the case of *Gate City Gas-Light Co.* v. *Farley*, 95 *Ga.* 796 (23 S. E. 119), where the Supreme Court ruled that grounds of a motion for a new trial in which there are "tedious recitals of irrelevant facts, statements taken from the stenographic notes of the trial, and other like things, to such an extent as to bury the point under a great mass of entirely needless phraseology and thus render it difficult, if not impracticable, for this court to ascertain what was really the ruling or other conduct of the court complained of, will not be considered." While the motion for a new trial must not contain "tedious recitals of unnecessary facts," yet a ground of a motion for a new trial should be complete in itself, or rendered so by exhibits attached to the motion. Accordingly, it has been repeatedly ruled that a ground based upon the admission or rejection of evidence presents nothing for adjudication when the evidence is not set forth therein, either literally or in substance, nor attached as an exhibit to the motion. *Patterson* v. *Campbell*, 136 *Ga.* 664 (71 S. E. 1117); *Odum* v. *Rutledge*, 16 *Ga. App.* 350 (85 S. E. 361). It must affirmatively appear also what specific objections were made to the testimony at the time it was offered. *Carlisle* v. *Ragan-Malone Co.*, 17 *Ga. App.* 435 (87 S. E. 608); *McFarland* v. *D. & W. R. Co.*, 127 *Ga.* 97 (56 S. E. 74); *Cooner* v. *State*, 16 *Ga. App.* 539 (85 S. E. 688); *Avery* v. *Armour Fertilizer Wks.*, 17 *Ga. App.* 458 (3) (87 S. E. 698); *Cochran* v. *Bugg*, 131 *Ga.* 588 (62 S. E. 1048). "This court sits to review rulings of the trial courts, and it will not pass upon ques-

tions on which no ruling has ever been made by the trial judge."
*Bourquin* v. *Bourquin,* 110 *Ga.* 440 (35 S. E. 710).

2. In the first ground of the amendment to the motion for a
new trial it is alleged that the court erred "in admitting the fol-
lowing question and answer: Q. You were shown your tax re-
turns for the State and county. Did you have any part in fixing
the assessment by the city? A. No. In this ground it is stated
that it was testified by plaintiff and admitted by defendant that
the property was assessed by the city assessors "on a basis of sixty
per cent. of its value, without any participation therein by the
taxpayer." It having been admitted on the part of the city that
the property was thus assessed, it could not have been harmful to
the city for the court to allow the plaintiff, a taxpayer, to testify
that he had nothing to do in fixing the assessment of the city.
*Battle* v. *Braswell,* 107 *Ga.* 128 (32 S. E. 838). In the case of
*W. & A. R. Co.* v. *Tate,* 129 *Ga.* 526 (59 S. E. 266), the fourth
headnote is as follows: "The return of a taxpayer, as contained
in the tax-receiver's digest, may be considered by the. jury on the
issue of the value of the property therein included, as an admission.
Such admission is not conclusive evidence of the value of the prop-
erty. An instruction which does not in terms state that the jury
may consider such return as in the nature of an admission, but
states that they may consider it as a circumstance of the case, will
not require the grant of a new trial." And in the opinion the
court says: "The tax returns are in the nature of an admission
by the taxpayer of the value of his property. It is not a conclusive
admission of the true value of the property returned, but the ad-
mission in the return may be considered by the jury in estimating
the value of the property." By the tax returns in this case it is
sought to show contradictory statements made by the plaintiff as
to the value of his realty, and, could the tax returns be considered
as an admission made by him, he ought at least be allowed to show
the circumstances under which the returns were made, the weight
of the testimony under all the facts to be judged of by the jury.
*R. & D. R. Co.* v. *Kerler,* 88 *Ga.* 39 (13 S. E. 833); *Phœnix In-
surance Co.* v. *Gray,* 113 *Ga.* 424 (38 S. E. 992). In passing it
might not be out of place to remark that should the tax returns of
many of our "good men and true" be conclusive as to the value
of their property, numbers of fortunes in the State would shrink

and shrivel even as a ripe plucked fig when exposed to a summer sun.

3. Grounds 2, 8, and 10 of the motion for new trial complain of the admission of evidence as to the length of time the street was torn up and obstructed, and business interfered with. A part of this evidence,—the testimony as to the length of time the street was closed on account of the work,—was admissible, but only for the purpose of fixing the time when the grading was commenced and when it was finished; this to afford a basis of comparison between the market value of the property at said times. Had separate and proper objections been made to the portions of evidence relative to the conditions of the streets and loss of business, it would have been the duty of the court to exclude the evidence, but this was not done. No effort was made to separate the chaff from the wheat. *Ray* v. *Camp,* 110 *Ga.* 818 (3), 820 (36 S. E. 242); *Barnard* v. *State,* 119 *Ga.* 436 (3) (46 S. E. 644). In ruling on the evidence the judge said: "I have held that it is competent to show the fact as to the length of time of the work. I have ruled that way because it is necessary to show the period, as you show any fact as to time. It is immaterial as to the cause of it, and the jury will not pass on that and any injuries that anybody suffered on that account." In the motion for a new trial it is stated that "all this evidence was admitted by the court under the general rule that this evidence would be admitted for what it was worth to illustrate the time when the work was completed." In charging the jury relative to this evidence the judge said: "The city would not be liable for any depreciation of value, if there was such, due to any other cause than the grading. The city is liable, if at all, only for such damage, if any, that its grading and work caused; and it was to enable you to decide this single question that all this evidence was admitted—as to the cost of the property, cost of readjusting property to new grade, rental value of this and other near-by property before and during and after the grading, description of the property and street, comparison with other property and streets, sales of other property near by, offers to buy property in this vicinity, and the opinion of witnesses as to value of this and other near-by property for sale and for rent, and all such evidence as you have listened to in this case. This is the evidence, as stated to you, that you are to consider in passing on.

the sole question submitted to you. You are not bound to take the opinion of witnesses as conclusive on the subject of value. You will·take such evidence·into consideration and give it such weight as you think it is entitled to, along with all the evidence in the case." The judge clearly instructed the jury in his charge that the sole measure of damage was the difference between the market value of the property before the work began and after it ended.

4. Grounds 3, 4, and 7 of the amendment to the motion for a new trial are each based upon the court's allowing a witness to testify as to the cost of adjusting the old building to the street after grading. Counsel for the plaintiff in error insist that this is not the proper measure for estimating the damage in such cases as this; that the real measure is "the difference in the market value of the property injuriously affected before and after the change of the grade of the street." While this is true, this measure may be based on several elements, one of which, as in the present case, is the expense necessary to adapt the building to the level of the street, caused by the grading. The decisions in the cases of *Mayor &c. of Macon* v. *Daly, 2 Ga. App.* 355 (4), 359 (58 S. E. 440), and *City Council of Augusta* v. *Schrameck, 96 Ga.* 426 (23 S. E. 400, 51 Am. St. R. 146), are directly in point. In the *Schrameck* case it was held: "The measure of damage to abutting property caused by raising the grade of a street is the difference between the market value of the property before and after the improvement; and upon the trial of an action for the recovery of such damages, it is competent to give in evidence the necessity of filling in the lot and raising the building thereon, with the probable cost of such work, not as furnishing a reason for the allowance of such cost as an independent item of special damage, but as a circumstance throwing light upon the general question of the diminution of market value." Thus it will be seen that the evidence objected to was properly admitted, not for the purpose of fixing the measure of damage nor as an independent item of special damage, but simply to throw light upon the question of the diminution of the market value.

5. The 5th ground of the amendment to the motion for a new trial alleges error in permitting the plaintiff to be asked the following question, and to give the answer thereto: "Q. Now I

will ask you about those checks. A. Yes, they were given for materials that went into that building, the sub-basement." This was objected to on the ground that the witness could not state generally that he paid bills, without producing the bills. The evidence is not inadmissible for the reason urged. It does not appear from the evidence that the witness paid any "bills." This was but a part of the evidence of the witness to show the cost of adjusting the building to the grade. Relevant evidence is not rendered inadmissible because of failure to introduce in connection therewith other evidence.

6. The evidence referred to in the 6th ground of the amendment to the motion for a new trial is clearly irrelevant. That it was "customary and usual" to put basements under stores near "Five Points" was not proper evidence to be considered by the jury in determining the damage to the plaintiff's property in this case, especially as the motion does not show where "Five Points" is located relatively to the stores of the plaintiff, whether far or near. It is, therefore, not made to appear by the record how this evidence related to or could have affected the issue involved, and there was no error in rejecting it.

7. The 9th ground complains that "the court erred in excluding the evidence of the witness Boynton, a witness for the defendant, who was asked the following question: Q. What was the cost of the expense of this grading of Whitehall street from Mitchell down to, say, Garnett,—the grading, the replacing of the surface and readjusting it to the street as it was at that time, so far as you can recall, including the labor furnished by the county?" It does not appear from the motion that this question was answered. Such evidence was not admissible for the reason urged, to wit: "to show the magnitude of the work, that it was not a scab job, and that it cost about $30,000."

8. While a part of the excerpt from the charge complained of in the 11th ground was inaptly expressed, it was but a slight inaccuracy, and, when considered in connection with the whole charge, was not harmful to the cause of the defendant.

9. The portions of the charge complained of in the twelfth and thirteenth grounds are not subject to the criticisms made upon them by the plaintiff in error.

10. There was ample evidence to support the verdict.

  *Judgment affirmed. George and Jenkins, JJ., concur.*