### 9996.   STOKER *v.* THE STATE.

BLOODWORTH, J. 1. There is no merit in those grounds of the motion for a new trial which complain of the admission of certain testimony of witnesses for the State as to finding a flask of whisky in the defendant's pocket when searching his person while he was under arrest. Even had the arrest been illegal and the search unauthorized, as contended, the evidence would have been admissible. *Smith* v. *State*, 144 *Ga.* 679 (87 S. E. 893); *Smith* v. *State*, 17 *Ga. App.* 693 (88 S. E. 42).

2. The court did not err in admitting in evidence the contents of a jug and a flask which witnesses for the State found on the person of the defendant and examined, and which they testified positively contained "whisky," although they testified also that they did not taste it and did not know that it was intoxicating. "The courts take judicial cognizance that whisky is both spirituous and intoxicating, and no proof of these facts need be made in any case." *Maddox* v. *Eatonton*, 8 *Ga. App.* 817 (2) (70 S. E. 214); *Hodge* v. *State*, 116 *Ga.* 852 (43 S. E. 255).

3. There was no error in allowing the witness Jordan to testify after the State had closed, over the objection that the evidence was not in rebuttal. "Where, after the State had closed its case, the judge permitted an additional witness to be sworn in behalf of the State, before argument had begun, and where it does not appear that the accused was deprived of the right to meet the testimony of such witness, such action upon the part of the judge was not sufficient to require the grant of a new trial merely because such testimony was not in rebuttal of any

evidence submitted in behalf of the accused. The reopening of the case is in the sound discretion of the trial judge, and it will not be interfered with unless abused." *Glasco* v. *State*, 137 *Ga.* 336 (73 S. E..578).

(a) The testimony was objected to en bloc, and at least a portion of it was admissible. "Where evidence is offered and objected to, and a portion thereof is admissible and a part objectionable, unless the illegal portion is specified and properly objected to, the whole will be admitted." *City of Atlanta* v. *Sciple*, 19 *Ga. App.* 694 (3), 698 (92 S. E. 28), and cases cited.

4. There is no merit in the exceptions taken as to the action of the court in imposing sentence on the defendant. "The action of a trial judge in a criminal case, after a verdict of guilty is returned, in hearing further evidence in order to determine the character of punishment to be imposed, can .never be made the subject-matter of review in the Court of Appeals." *Gaskins* v. *State*, 12 *Ga. App.* 97 (7), 101 (76 S. E. 777).

5. There was evidence to support the verdict.

> *Judgment affirmed. Broyles, P. J., and. Harwell, J., concur.*
> DECIDED NOVEMBER 7, 1918.

Accusation of misdemeanor; from city court of LaGrange— Judge Moon. July 6; 1918.

The accusation charged the defendant with having unlawful possession of alcoholic and spirituous liquors and whisky.

Paragraph 4 of the decision relates to exceptions based on the following facts: When the verdict of guilty was rendered the trial judge asked if any one present knew the defendant, and after hearing statements as to his character, and before the judgment was signed, announced that the defendant was sentenced to serve six months in the. chain-gang, "with the alternative of discharging the same by paying a fine of $200 within five days;" whereupon the judge was informed that some one else wished to speak about the defendant, and the judge said, "Hold on, I withdraw that sentence," and heard other statements, as to the bad character of the defendant, to which the defendant replied; after which the court imposed a written and signed sentence of six months in the chaingang, without the alternative of paying a fine. The bill of exceptions states that "the defendant objected and said objections were overruled," and that he excepts to the action of the court "in withholding said sentence as first pronounced, and in hearing said unsworn testimony, and in sentencing the defendant to a term in the chain-gang without the alternative of paying a fine."

*Arthur Greer,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.