### 14515. HEATH *v.* THE STATE.

The charge of the court as to the defense that the property alleged to have been stolen was taken in good faith upon a claim of right is not subject to the exceptions taken.

If error was committed in giving the instruction complained of, the instruction was given at the instance of counsel for the complaining party; and a party will not be heard to complain of an error which he or his counsel induced.

The verdict is not unsupported by evidence.

DECIDED JUNE 12, 1923.

Indictment for hog-stealing; from Laurens superior court — Judge Kent. March 17, 1923.

*J. S. Adams, R. Earl Camp,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.

BLOODWORTH, J. The special ground of the motion for a new trial alleges that the court erred in charging the jury as follows: "It is insisted by the defendant in this case that he took these hogs upon a fair claim of right and in good faith, and, believing

that they were his own hogs, appropriated them to his own use. If you believe that the defendant honestly believed that these hogs were his own hogs and took them as his own hogs, then the element of larceny would not exist in this case." It is alleged that this part of the charge was error because it was not adjusted to the facts or to the defendant's contentions; that his defense was not that he took the prosecutor's hogs believing them to be his own, but that he took his own hogs and that there was no mistake on his part. It is alleged also that this instruction amounted to an expression of opinion on the part of the court that the hogs were the property of the prosecutor.

This excerpt from the charge states a correct principle of law, is beneficial to defendant, and, in this case, is not erroneous for any reason urged against it. Moreover, in approving this ground, the judge said: " The law of taking the hogs under a fair claim of right was given in charge to the jury at request of counsel for defendant, who cited and read authorities to the jury showing that if defendant took the hogs under fair claim of right he would not be guilty, and also counsel for defendant argued this principle of law to the jury, though he did not insist that this principle was his sole defense." If error was committed in giving this charge it was at the invitation of counsel, and it is well settled that a party cannot complain of an error which he or his own counsel induced. *Caesar* v. *State,* 127 *Ga.* 710 (2) (57 S. E. 66); *Steed* v. *State,* 123 *Ga.* 569 (2) (51 S. E. 627); *Quattlebaum* v. *State,* 119 *Ga.* 433 (2), and citations (46 S. E. 677); *Gaskins* v. *State,* 12 *Ga. App.* 97 (4), 100 (4) (76 S. E. 777).

The general grounds of the motion for a new trial cannot prevail, for upon conflicting evidence the jury, the final arbiters on questions of fact, have decided the issues in favor of the State, and this court cannot say that there is no evidence to support their finding, or that the judge abused his discretion in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*