### 16266.   BRAGG *v.* THE STATE.

BLOODWORTH, J.   1. The court did not abuse its discretion in overruling the motion to continue this case.

2. Even should it be conceded that the evidence incorporated in the second ground of the motion for a new trial was improperly admitted, it is of such little probative value that the error does not require the grant of a new trial. *Adams* v. *State,* 27 *Ga. App.* 48 (2) (107 S. E. 388). Indeed, in the brief of counsel for plaintiff in error he admits that this evidence "may not of itself be sufficient ground for a new trial."

3. "Where a motion is made to exclude certain testimony in its entirety, some of which is clearly admissible, a new trial will not be granted because the court refuses to exclude the entire testimony, although some of it may be of doubtful admissibility or not admissible." *Louisville & Nashville R. Co.* v. *McHan,* 144 *Ga.* 683 (2) (87 S. E. 889); *Knight* v. *State,* 143 *Ga.* 678 (6) (85 S. E. 915); *City of Atlanta* v. *Sciple,* 19 *Ga. App.* 694 (3), 698 (3) (92 S. E. 28).

4. Where two cases were pending against a defendant, in each of which he was charged with possessing liquor, and in each of which he had different witnesses, and where he "requested the court to require the State to select which case would be put on trial, and that the State be confined to the particular charge covered by said indictment," and the court granted the request, it was not cause for declaring a mistrial that a certain witness was permitted to testify that on a day different from that named in the indictment on which the accused was being tried the witness "sent a man by the name of Romie Bragg to the house of the defendant, and the said· Romie Bragg returned with a quart of liquor purchased at said residence," "counsel for defendant not suspecting that such testimony would be offered."

5. Where a person was on trial charged with "possessing whisky," and a witness testified that the accused, who was traveling in an automobile, asked him if he wanted "some liquor," and said that "he had plenty of it in the car," and where the witness swore that the accused "had the liquor in the back of the automobile," and that he presumed "there were about 35 or 40 bottles and jars in the back of the automobile, filled with liquor," that he smelled whisky on the breath of the defendant, that the liquid in the jars looked like "shine whisky," and he knew that it was whisky, this evidence was sufficient to support a verdict of guilty of the crime charged, although the witness swore also that he did not taste or smell any of the liquid in the bottles and jars and that none of it was opened in his presence. *Dunn* v. *State*, 32 *Ga. App.* 491 (123 S. E. 905); *Stoker* v. *State*, 23 *Ga. App.* 11 (2) (97 S. E. 273); *Smith* v. *State*, 17 *Ga. App.* 118 (1) (86 S. E. 823).

   *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

    Decided March 27, 1925.

Conviction of possessing intoxicating liquor; from city court of Sylvania—Judge Evans. January 9, 1925.

*Dixon & Cobb, J. S. Powell,* for plaintiff in error.

*H. S. White, solicitor,* contra.