### 17796.   SHEPHERD v. THE STATE.

BLOODWORTH, J.   In his statement on the trial the accused admitted that when he was arrested he was in possession of two pints of whisky; and there is no merit in the special ground of the motion for a new trial, especially when this ground is considered in connection with the note of the trial judge attached thereto. "There is no merit in those grounds of the motion for a new trial which complain of the admission of certain testimony of witnesses for the State as to finding a flask of whisky in the defendant's pocket when searching his person while he was under arrest. Even had the arrest been illegal and the search unauthorized, as contended, the evidence would have been admissible. *Smith* v. *State*, 144 *Ga.* 679 (87 S. E. 893); *Smith* v. *State*, 17 *Ga. App.* 693 (88 S. E. 42.)." *Stoker* v. *State*, 23 *Ga. App.* 11 (97 S. E. 273).

    *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED MARCH 8, 1927.

Possessing intoxicating liquor; from city court of LaGrange— Judge Tuggle.   November 5, 1926.

*Wyatt & Wyatt,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

---

Criminal Law, 17 C. J. p. 88, n. 46.