## 17973. RAINES *v.* THE STATE.

BLOODWORTH, J. 1. Certain testimony which consisted of several sentences was objected to en bloc, and at least a portion of it was admissible. "Where evidence is offered and objected to, and a portion thereof is admissible and a part objectionable, unless the illegal portion is specified and properly objected to, the whole will be admitted." *City of Atlanta* v. *Sciple,* 19 *Ga. App.* 694 (3) (92 S. E. 28).

2. On the trial of a criminal case, relevant incriminatory evidence, taken from the person of the accused by one who had illegally arrested him, and discovered by a search of his person while he was under such illegal arrest, is admissible against him. The admission of such evidence does not contravene the constitutional provision that "No person shall be compelled to give testimony tending in any manner to criminate himself." Nor does it violate the constitutional prohibition of unreasonable searches and seizures. *Smith* v. *State,* 17 *Ga. App.* 693 (88 S. E. 42). "There is no merit in those grounds of the motion for a new trial which complain of the admission of certain testimony of witnesses for the State, as to finding a flask of whisky in the defendant's pocket when searching his person while he was under arrest. Even had the arrest been illegal and the search unauthorized, as contended, the evidence would have been admissible. *Smith* v. *State,* 144 *Ga.* 679 (87 S. E. 893) ; *Smith* v. *State,* 17 *Ga. App.* 693 (88 S. E. 42)." *Stoker* v. *State,* 23 *Ga. App.* 11 (97 S. E. 273). See also *Hicks* v. *State,* 35 *Ga. App.* 503 (133 S. E. 642). Under the rulings in the foregoing cases, there is no merit in the special ground of the motion for a new trial.

3. The evidence amply sustains the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 14, 1927.

---

Criminal Law, 16 C. J. p. 567, n. 99, 1; p. 570, n. 90; p. 878, n. 35.

Possessing liquor; from city court of Polk county—Judge Tison. January 17, 1927.

. Application for certiorari was denied by the Supreme Court.

*Bunn & Trawick,* for plaintiff in error.

*J. A. Wright, solicitor, E. S. Ault,* contra.