550

DECIDED APRIL 9, 1929.

*Hewlett & Dennis, Lindley W. Camp, T. E. Bowden,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

LUKE, J. The indictment charged that the accused "did unlawfully, and without any intention to do so, kill Gladys May Lilly, while accused was engaged in the commission of an unlawful act." The evidence showed that the accused, while under the influence of intoxicating liquor, drove his car against Gladys May Lilly, a little girl seven years of age, with such force that it broke both arms and legs, crushed her through the body, and crushed her head to such an extent that her brains came out on her mother's coat sleeve; that a part of the child's hair was found on a nut that goes under the axle of the defendant's car; that after hitting the little girl the defendant drove about 200 feet and ran into the rear of another car; that the occupant of the second car told him to stop, that he had killed a child, but he refused to stop and drove around the second car and went away; that he then ran into still another car and had a wreck about a mile and a half from the scene of the killing; and it was here that the officer caught him around twenty or thirty minutes after he had run against the child. There was ample evidence to show that the defendant was drunk and driving in a reckless manner, and that the child was on the right side of the road when the defendant killed her. The jury returned a verdict

of guilty; the defendant made a motion for a new trial, which was overruled, and on this ruling he assigns error in his bill of exceptions.

Special grounds 1 and 2 of the motion for a new trial object to testimony relative to the finding of some of the child's hair on the radius rod nut of defendant's car, the objection being that there was an interval of time between the killing of the child and the finding of the hair. The State introduced evidence to show that the homicide occurred about night, when a few small strands of hair could not be seen; that soon after the homicide the car was taken charge of and put away, and "it was not touched," and that the next morning the hair was found when the officers were not looking for hair, but for blood, on the defendant's car. The remoteness of evidence goes to its weight rather than its admissibility. In the instant case the jury had ample opportunity to judge of the credibility of this testimony, as was their province. In the case of Louie v. U. S., 218 Fed. 36 (3), it was held that "where a criminal prosecution rests, in part at least, on circumstantial evidence, the court's rulings admitting offered evidence of that character will be sustained, if it tends *even remotely* to establish the ultimate fact." In *Chewning* v. *State,* 18 *Ga. App.* 11 (3) (88 S. E. 904), this court held that whisky taken from the accused *after* the homicide was admissible in evidence. In *Keener* v. *State,* 18 *Ga.* 194 (7) (63 Am. D. 269), the Supreme Court held that "the remoteness or nearness of time as to threats pointing to an act subsequently committed, can make no difference so far as the *competency* of the testimony is concerned." In Lindsay v. People, 63 N. Y. 143, it was held that evidence of blood stains found six months after an alleged murder was properly admitted. Since the evidence leads to the natural conclusion that the child was hit on the head, as her skull was badly fractured, and the hair on the automobile was found upon the first examination in daylight after the injury, and an opportunity was given to the jury to compare this hair with other hair taken from the child's head, we think there was no error in admitting the evidence objected to, leaving to the determination of the jury the weight they should give it. Remoteness may affect the weight of evidence, but where the evidence offered is relevant and material, and connected with the fact sought to be proved, it should be submitted to the jury to determine its credibility and

552

probative value. This ruling covers also the 4th special ground of the motion for a new trial, relative to the admission of the hair itself.

The 3d special ground of the motion complains of the admission of certain testimony of one Arthur Smith, which it is not necessary to set out here. Some of this evidence was admissible as tending to show that the defendant was driving while under the influence of liquor, as alleged in the indictment; the witness having sworn that the defendant was on the wrong side of the road and came near running into a post. Some of it was admissible to show that it was in the neighborhood of the homicide, and some of it was admissible to show the identity of the defendant. Since the evidence was objected to en bloc, and the alleged illegal part was not specified, the whole was properly admitted. *City of Atlanta* v. *Sciple,* 19 *Ga. App.* 694 (3) (92 S. E. 28) ; *Raines* v. *State,* 37 *Ga. App.* 11 (138 S. E. 587) ; *Smalls* v. *State,* 99 *Ga.* 25 (2) (25 S. E. 614).

The 5th special ground of the motion complains that the court erred in charging the jury that "Involuntary manslaughter shall also consist in the killing of a human being without any intention to do so, but in the commission of a lawful act," etc. Since the accused was charged with and convicted of involuntary manslaughter in the commission of an unlawful act, he "was not harmed by a charge on a lesser offense than that for which he was convicted." *Ingram* v. *State,* 34 *Ga. App.* 505 (2) (130 S. E. 222) ; *Rich* v. *State,* 33 *Ga. App.* 153 (3) (126 S. E. 154).

The 6th special ground of the motion complains because the court charged the jury relative to the defendant's having his automobile under immediate control while passing a pedestrian. The allegations of the indictment and the evidence authorized this charge.

The evidence authorized the verdict, and no error of law is shown. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*