## 21826. SHEFTON *v.* THE STATE.

DECIDED NOVEMBER 11, 1931.

*R. B. Williamson, J. B. Williamson,* for plaintiff in error.
*W. C. Forehand, solicitor,* contra.

LUKE, J. The accusation in this case charges that Zack Shefton did, on August 21, 1930, in Worth county, Ga., "control and possess certain spirituous, vinous, malted, and fermented liquors, and alcoholic compound and malt and liquors." The verdict was "guilty." The accused excepts to the overruling of his motion for a new trial.

On the trial the State introduced only the witness J. N. Sumner. The defendant closed without introducing any evidence or making any statement to the jury.

For the purposes of this decision, it is sufficient to say that the substance of the State's case is that two officers searched the defend-

ant without a warrant and took from his "bosom" several bottles which "contained liquor." In the special ground of the motion for a new trial it is insisted that the foregoing evidence was inadmissible, because it was "forcibly and unlawfully secured from the defendant by an unlawful search and seizure of his person." To sustain this contention counsel for the accused quote at length from *Smith* v. *State*, 3 *Ga. App.* 326 (59 S. E. 934). Because of the decision in that case and similar decisions of this court, the question for determination here was certified to the Supreme Court. *Smith* v. *State*, 17 *Ga. App.* 693 (88 S. E. 42). In *Calhoun* v. *State* and *Smith* v. *State*, 144 *Ga.* 679 (87 S. E. 893), the Supreme Court answered the questions certified to it in this language:

"1. On the trial of a criminal case, incriminatory evidence which was taken from the person of the accused by one who had illegally arrested him, and who discovered it by search of his person while he was under illegal arrest, if relevant, is not inadmissible as contravening the constitutional provision that 'No person shall be compelled to give testimony tending in any manner to criminate himself.' (*a*) The constitutional guaranty is not limited to the protection of a witness testifying in a case. (*b*) Evidence obtained by an illegal and unauthorized search of one's person is admissible against him, and does not violate the constitutional guaranty. (*c*) But if the accused is compelled to produce the incriminating evidence, the evidence will be rejected as being in the nature of an involuntary admission.

"2. Articles taken from the person or the premises of the accused, tending to establish his guilt of the offense of which he is charged, are admissible in evidence against him, notwithstanding the articles were discovered by an unlawful search and seizure; and this rule of evidence is not violative of the constitutional prohibition of unreasonable searches and seizures."

In *Lester* v. *State*, 155 *Ga.* 882, 884 (118 S. E. 674), the Supreme Court refused to overrule the decisions in the *Calhoun-Smith* case and similar cases, the court saying: "We have carefully considered the request in regard to overruling the cases named. These cases, while differing from the rule laid down in the Federal courts, constitute matured and consistent conclusions in a long number of decisions of this court. The request is therefore denied." The ruling announced in the *Calhoun-Smith* case, supra, has been con-

sistently followed by both of the appellate courts of this State. See *Jackson* v. *State,* 156 *Ga.* 647 (119 S. E. 525); *Stoker* v. *State,* 23 *Ga. App.* 11 (97 S. E. 273); *Buffington* v. *State,* 33 *Ga. App.* 162 (2) (125 S. E. 723); *Shepherd* v. *State,* 36 *Ga. App.* 583 (137 S. E. 639); *Raines* v. *State,* 37 *Ga. App.* 11 (2) (138 S. E. 587). Clearly the evidence in the case at bar was admissible, and the trial judge did not err in overruling the special ground of the motion for a new trial.

It is insisted that the verdict should not stand, because the State's witness swore merely that the bottles found on the defendant's person contained "liquor." This contention is not tenable. "Generally the word 'liquor' implies intoxicating liquor, and, therefore, proof that a defendant sold 'liquor' is sufficient to show, in the absence of adverse testimony, that he sold intoxicating liquor." *Smith* v. *State,* 17 *Ga. App.* 118 (86 S. E. 283), citing *Carswell* v. *State,* 7 *Ga. App.* 198 (66 S. E. 488); *Howard* v. *State,* 7 *Ga. App.* 61 (65 S. E. 1076; *Lewis* v. *State,* 6 *Ga. App.* 779 (65 S. E. 842); *Tompkins* v. *State,* 2 *Ga. App.* 639 (58 S. E. 1111); *Wilburn* v. *State,* 8 *Ga. App.* 28 (68 S. E. 460). See also *Humphrey* v. *State,* 39 *Ga. App.* 406 (147 S. E. 402).

The venue of the offense was proved, and, as already stated, the accused made no statement and introduced no testimony. We hold that the evidence supports the verdict, and that the trial judge did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*