## 22461.  THOMPSON *v.* THE STATE.

DECIDED FEBRUARY 24, 1933.

*R. Douglas Feagin, J. E. Feagin,* for plaintiff in error.
*John Y. Roberts, solicilor,* contra.

MacINTYRE, J.  C. A. Thompson was convicted of possessing intoxicating liquor.  His exception is to the judgment overruling his motion for a new trial based upon the general and certain special grounds.

The gist of the testimony of witness Raley was that at a time when the defendant was not at home he found there the defendant's wife, his small child, and one Wesley Jones; that Jones was sitting on the porch, but that when witness approached he stepped in the house and locked the screen door behind him; that witness jerked the door open and entered the house in time to see Jones pour whisky out of a pitcher "all over the bathroom floor," and that the defendant, who was arrested shortly after the whisky was found, did not try to escape and did not make any statement in regard to the whisky.

Wesley Jones testified, in substance, that he had a room in defendant's home,—boarded there; that he got from the defendant's bedroom the whisky that the officer saw him pouring out; that he saw the defendant "set the pitcher down there with the whisky in it;" that the whisky did not belong to witness, and "must have been his [defendant's]"; that nobody lived at defendant's home except his wife and small child and the witness; and that when the officer saw him with the whisky he was pouring it into a commode in the bathroom which opened into his bedroom.

The defendant stated to the jury that Jones was boarding in his house; that when he left his home about two hours before he was

arrested no whisky was left there by him; that he knew nothing whatever about the whisky in question; and that if anybody carried whisky to his house, Jones did it.

In ground 4 of the motion for a new trial complaint is made of the following charge of the court: "If you should believe under the evidence that this is the home of Charlie Thompson, I charge you the law presumes everything in that house was Charlie Thompson's, that everything in that house belonged to Charlie Thompson, that he, as the head of the house, is presumed by law to be in possession and in control of everything in that house. This is a rebuttable presumption, and by that I mean that while the presumption is that it is his, . . it is a rebuttable presumption, and the defendant has a right to show to you by evidence or by his statement that this was not his liquor, and that he did not have it in the house." It will be noted that the witness Jones testified that prior to the time he poured the liquor out of the pitcher when the officer saw him, he saw the defendant set the pitcher containing the whisky down in defendant's bedroom. This at least put the liquor in the presumptive possession of the defendant in his own home, if the jury believed the witness. The judge further charged the jury, "If you believe this whisky was brought to the house of Thompson, and he knew nothing about it, then he would have successfully rebutted the presumption against him." In view of this testimony, we think the charge complained of was applicable and a correct statement of the law.

Grounds 8 and 9 of the motion raise questions that are controlled adversely to the contentions of counsel for the plaintiff in error by numerous decisions of both the appellate courts of this State. The following rule taken from headnote 2 of *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893), states the law in Georgia relative to these questions: "Articles taken from the person or premises of the accused, tending to establish his guilt of the offense of which he is charged, are admissible in evidence against him, notwithstanding the articles were discovered by an unlawful search and seizure; and this rule of evidence is not violative of the constitutional prohibition of unreasonable searches and seizures." A recent case to the same effect is that of *Shefton* v. *State,* 44 *Ga. App.* 303 (161 S. E. 281).

The evidence authorized the verdict, and none of the special grounds of the motion for a new trial show cause for a reversal.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*