## GASKIN *v.* THE STATE.

1. Before there can be a conviction for the offense of assault with intent to commit a rape, it must appear that the accused, with the intention of having carnal knowledge of the female forcibly and against her will, did some overt act amounting to an assault upon her. It was therefore error to charge the jury that, "If you find that this defendant formed the intent and design in his heart to have carnal knowledge of [the female alleged to have been assaulted], forcibly and against her will, and in the accomplishment of that evil design and intent, slipped into her room and secreted himself there, awaiting an opportune moment to carry his evil design into execution, and being detected, fled and made his escape, the court charges you that that would make such a case as that the necessary element of assault would be in it, and you would be authorized to find this defendant guilty of the offense as charged in the indictment, that of an assault with intent to rape."
2. The verdict was contrary to law and the evidence, and the refusal of a new trial was error.

Submitted October 3, — Decided October 13, 1898.

Indictment for assault with intent to rape. Before Judge Sweat. Coffee superior court. March term, 1898.

*Quincey & McDonald*, for plaintiff in error.
*John W. Bennett, solicitor-general*, contra.

FISH, J. Jeff Gaskin, a negro boy about 16 or 17 years of age, about dark entered through a window the room of a white girl about 14 years old, and concealed himself under her bed. She

came into the room to retire, about two hours afterwards, and hearing a noise under the bed went for her mother. Upon examination they discovered him. He immediately fled through the window and escaped. The room contained no articles of value. The girl's father and mother were in an adjoining room into which the girl's room opened. The mother's bed was three or four feet from her daughter's. The girl occupied her room alone. The boy had been working for the girl's father two or three months, and had been around the house a good deal.

Upon substantially this evidence Gaskin was convicted of assault with intent to commit a rape upon the girl. His motion for new trial assigned as error the charge of the court as set forth in the first headnote, and alleged that the verdict was contrary to law and the evidence. Upon the overruling of the motion he excepted.

1. Before the jury would have been authorized to find the accused guilty of the offense of assault with intent to rape, it must have appeared, not only that he intended to have carnal knowledge of the girl alleged to have been assaulted, forcibly and against her will, but that he did some overt act towards the accomplishment of his purpose, which amounted in law to an assault upon her. That both the criminal intent and concomitant assault towards its execution are essential elements of the offense, is manifest from its very name,—"assault with intent to commit a rape." An assault is an attempt to commit a violent injury upon the person of another. It was held in *Brown* v. *State*, 95 *Ga.* 481, that, "mere preparation to commit a violent injury upon the person of another, unaccompanied by a physical effort to do so, will not justify a conviction for an assault." There must be some demonstration of violence, some overt act which amounts to an attempt, in order to constitute an assault. 2 Am. & Eng. Enc. L. 956. There can be no assault until the execution of violence has begun. State *v.* Davis, 1 Ired. 125. In the case at bar the trial judge, in effect, told the jury that if the accused, with intent to commit a rape upon the girl, secretly entered her room and concealed himself there, awaiting an opportunity to execute his criminal design, and, upon detection, fled, the necessary element of assault would be made out, and

they would be authorized to convict the accused of the offense charged. We think that the hypothesis stated by the court, if true in fact, would have amounted only to preparation for an attempt to commit the offense. After the preparation there was no overt act done by the accused to effectuate the criminal design which would amount to an assault upon the girl. We must therefore hold that the charge was erroneous.

2. The evidence not only failed to show that an assault was made, but it was too uncertain and unsatisfactory to warrant a finding that the accused had any intention of committing a rape upon the girl. There should be no reasonable doubt as to the specific criminal intent of the accused, from the facts and circumstances proven. The verdict was contrary to law and the evidence, and the court erred in not granting a new trial.

*Judgment reversed. All the Justices concurring.*