### 761.  TOMPKINS *v.* THE STATE.

In the absence of evidence to the contrary, it may be inferred that a liquor called for and delivered and paid for as whisky is whisky, and therefore an intoxicating liquor.

Accusation of selling liquor, from city court of Newnan — Judge Freeman. August 26, 1907.

Submitted October 9,—Decided October 14, 1907.

Robert Orr, for plaintiff in error.

W. L. Stallings, solicitor, contra.

RUSSELL, J. The plaintiff in error was indicted for the offense of selling whisky, and was convicted. The specific words of the charge were, "did unlawfully sell and barter for valuable consideration alcoholic, spirituous, malt and intoxicating liquors, and intoxicating bitters, and beer and wine." No complaint is made of any error in the admission or rejection of evidence, or in the charge of the court. Only one question is raised by the record. Is the evidence sufficient to support the verdict? There can be but one answer to the question. The evidence was ample. One witness testified in the case. This witness testified that he bought twenty-five cents worth of rye whisky from Tompkins, the defendant, for cash, in Coweta county, and within two years' immediately preceding the return of the indictment (December 31, 1906). It is immaterial that the sole witness for the State testified that he told defendant that he wanted whisky, and that the defendant stated that he could get it for him; because it is undisputed that the witness saw the defendant himself, and not another, pour the liquid out of a quart bottle into a beer bottle, which was delivered to the purchaser. It is immaterial that the witness testified that he did not drink any of the whisky. The fact that the witness swore that it smelled like rye whisky might be corroborative of the already existent testimony that the fluid was whisky, but, under the indictment, it was not material for the State to show that the intoxicating liquor sold was rye whisky. It was enough if it was made to appear beyond a reasonable doubt that the defendant sold whisky. The court would take knowledge of the fact that all whisky is intoxicating; and proof of sale of whisky would conform with the allegation that alcoholic, spirituous, and intoxicating liquors were sold by the defendant. The jury may infer that a liquor is intoxicating, from its effect when drunk. Much more can they infer that a liquid, though not imbibed, is whisky, where the purchaser plainly asks for whisky and the seller furnishes it in compliance with his request. The writ of error is entirely without merit.          Judgment affirmed.