### 2187. HOWARD *v.* THE STATE.

1. It was not error to overrule the motion for a continuance. Although the defendant had other witnesses to the same fact that he expected to prove by the absent witness, he was not forced to trial at the term at which the accusation was filed; and it was shown that before the term at which the trial took place, the witness on account of whose absence the continuance was asked had become inaccessible by reason of the fact that he was concealing himself to avoid arrest.
2. In the absence of evidence to the contrary, it may be inferred that a liquor denominated by the seller as peach brandy, and for which payment was received as such, was brandy, and therefore an intoxicating liquor.

Accusation of sale of liquor; from city court of Sandersville— Judge Jordan. September 14, 1909.

Submitted October 26,—Decided November 9, 1909.

*John R. Cooper,* for plaintiff in error.

*J. E. Hyman, solicitor,* contra.

RUSSELL, J. The defendant was accused of a violation of the prohibition law, and upon conviction moved for a new trial upon the general grounds, and also because a motion for a continuance was overruled. Upon the showing for a continuance the defendant testified that she had an absent witness, Will Brown, who lived in Washington county,—that is, he "did live" on the plantation of one Charlie Rawlings, about three miles from Sandersville; she did not know where he was at the time of the trial. She stated that she expected to prove by the absent witness that Hal Matthews, the State's witness, did not come to her house, and that she did not sell any liquor to him. Upon direct examination she stated that she could not prove that fact by any one else. Upon cross-examination she testified that she had other witnesses subpœnaed to prove that Matthews did not buy the whisky; and, while she stated that she knew the absent witness would testify as she had said, because he was in her house that evening, she also testified that Nonie Mitchell and Gary Smith were there at the same time; she did not know what they would swear. She stated that she had subpœnas issued by the clerk of the court. The sheriff testified that he had the subpœna for the witness Will Brown, but he did not serve it, because he could not find him. He testified, that Brown did at one time live at the Rawlings place, but he had not seen him for some time; that he had made diligent search for him, because he had a warrant for him from Dublin, Laurens county; that if he was in Washington county he was "scouting," and was out on the "scout" when these subpœnas were issued.

We do not think there was any error in overruling the motion for a continuance. We fully recognize the general right of a party to have the presence of a particular witness to a particular point in the case, although there may be other witnesses who will testify to the same fact; for the reason that the credibility of the witnesses is for the jury, and the absent witness may be one whose testimony will address itself to the jury with greater weight than that of others who might be present. We also recognize the right of a defendant to have the presence of his witnesses, even if compulsory process is necessary for that purpose, and that there shall be a reasonable time allowed to effectuate that purpose. *Brooks* v. *State,*

3 *Ga. App.* 458 (60 S. E. 211). It is also our opinion that in some cases (and in such case as this, where the defendant is a woman) the subpœna should be served by the sheriff or other officer of the court. But it is plain to our mind that where it is not testified that the witness is living within the jurisdiction of the court at the time of the trial,—the evidence being only to the effect that he has in the past lived in the jurisdiction,—and where the evidence is uncontradicted that he has concealed himself with a view of avoiding arrest upon a warrant issued against him, the court would be safe in holding that there was a failure to show, even indirectly, what must be shown on every sound motion for a continuance, to wit, that the party expects the attendance of the witness at the next term of the court. The movant in the present case did not testify that she expected to have the attendance of the witness at the next term; and even if she had done so, it would have been within the power of the court to doubt the statement; and, in view of testimony showing its improbability, a court could very properly have disregarded it. Aside from that, however, the sheriff was introduced as a witness by the movant, and it is questionable, from his testimony, whether at the time of the showing the witness really resided in Washington county, or where he resided.

2. So far as the complaint that the verdict is contrary to the evidence is concerned, it is only necessary to say that while the State's witness did not testify that the liquor bought by him was, within his personal knowledge, whisky or brandy, or indeed an intoxicating liquor at all, still he swore that his purpose in buying liquor from the defendant was to buy an intoxicating liquor, and that she said that it was peach brandy. As we said in *Tompkins* v. *State,* 2 *Ga. App.* 640 (58 S. E. 1111), "The jury may infer that liquor is intoxicating from its effect when drunk. Much more can they infer that a liquid, though not imbibed, is whisky, where the purchaser plainly asks for whisky, and the seller furnishes it in compliance with his request." In the absence of evidence to the contrary, it may be inferred that a liquor denominated by the seller as peach brandy, and for which payment is received as such, is brandy, and therefore an intoxicating liquor. *Tompkins* v. *State,* supra; *Lewis* v. *State,* 6 *Ga. App.* 779 (65 S. E. 842).

*Judgment affirmed.*