### 4640. GATES v. THE STATE.

RUSSELL, J. 1. There is no complaint that any error of law was committed on the trial. The evidence was sufficient to authorize the jury to infer that the accused was carrying the pistol in question without having obtained the license required by law.

2. Upon the trial of one accused of violating the statute forbidding the carrying of a pistol without a license, the ownership of the pistol is immaterial, except in so far as the circumstance of ownership may tend to illustrate the guilt or innocence of the defendant. The statute may be violated as well by one carrying the pistol of another as if the pistol carried were his own.

3. The alleged newly discovered evidence might, by the exercise of proper diligence, have been obtained at the trial.

4. The witness by whose testimony it is stated the alleged newly discovered fact could be proved testified in the trial now under review, and, according to the record, knew at that time as much as he now knows in regard to the facts in the case. This case, therefore, differs as to its facts from the case of *Flood* v. *State*, ante, 702. Furthermore, the judge did not err in overruling the ground of the motion based on newly discovered evidence, for the reason that the character of the witnesses, whose affidavits were produced in support of the ground, was not vouched for as required by law.      *Judgment affirmed.*

DECIDED MAY 20, 1913.

Accusation of carrying pistol without license; from city court of Jeffersonville—Judge Shannon. December 16, 1912.

*James D. Shannon, R. A. Harrison,* for plaintiff in error.
*H. F. Griffin Jr., solicitor,* contra.