7158.  GATES *et al. v.* THE STATE.

RUSSELL, C. J.  1.  It appearing that no appropriate motion for a postponement was made at the time that the defendants were put on trial, the motion for a continuance does not fall within the rule announced in *Brooks* v. *State,* 3 *Ga. App.* 458 (60 S. E. 211), and similar cases.

2. The character of the witnesses whose affidavits were produced in support of the ground of the motion for a new trial based on alleged newly discovered evidence was not vouched for as required by law. "If the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced." Civil Code, § 6086. The Court of Appeals will not interfere with the discretion of the trial judge in refusing to grant a new trial on the ground of newly discovered testimony, where the motion on this ground contains no affidavit accrediting the character of the persons relied upon to give the alleged newly discovered testimony. *Gates* v. *State,* 12 *Ga. App.* 706 (78 S. E. 276).

3. Though the evidence of the defendants' guilt is wholly circumstantial, the circumstances in proof were sufficient, if the witnesses were credible, to exclude every other reasonable supposition than that of the guilt of the accused. One of the defendants had that morning received from the express office a gallon package, which the express agent testified was marked "Glass, handle with care," and which was entered upon his books as liquor. Granting that it might with reason be supposed that when one of the defendants was seen that night dealing out some of the contents of a glass gallon jug to customers, who paid his wife therefor, the liquid therein contained was merely mineral water, still this reasonable supposition, consistent with innocence, was rebutted by the fact that the persons to whom the clear liquid in the glass jug or bottle was being allotted asked for "liquor," and the delivery of the "something" contained in the glass jug, and the acceptance of the money, were in response to this specific request. The defendants made statements, but offered no explanation of the alleged incriminating sale.

That liquor is intoxicating may be inferred by the jury, from its effcet when drunk. Much more can they infer that the liquid, though not imbibed, is intoxicating where the purchaser ask for "liquor" (which in ordinary parlance imports intoxicating liquor), and the liquid is furnished without comment by the seller, and paid for by the purchaser in compliance with his request. *Tompkins* v. *State,* 2 *Ga. App.* 639 (58 S. E. 1111); *Howard* v. *State,* 7 *Ga. App.* 61 (65 S. E. 1076).

*Judgment affirmed.*

DECIDED MAY 18, 1916.

Indictment for sale of liquor; from Pike superior court—Judge Searcy. November 21, 1915.

*H. O. Farr, R. C. Johnson Jr., F. L. Adams,* for plaintiffs in error. *E. M. Owen, solicitor-general,* contra.