### 10680. SUGGS *v.* THE STATE.

LUKE, J. 1. One charged with the crime of rape by having sexual or carnal knowledge of a female child under the age of fourteen years may, if the evidence authorizes, be convicted of the offense of assault with intent to rape.

(*a*) The girl alleged to have been raped in this case being thirteen years of age, and the evidence only authorizing and the State only asking a conviction of assault with intent to rape, it was not error for the court to give in charge to the jury the act of the legislature (Ga. L. 1918, p. 259) which fixes the age at which female children may consent to acts of sexual intercourse.

(*b*) The crime of assault with intent to rape is committed when a man undertakes to have sexual intercourse with an unmarried female child under the age of fourteen years, by attempting to insert his private parts into her private parts, and where penetration of the vagina is not made only because force sufficient is not used, even though the child consent to the attempted sexual intercourse.

(*c*) Since the passage of the act of 1918, supra, the age of consent to sexual intercourse by a female child in this State is fourteen years, except where she has been previously married to the person having sexual intercourse with her.

(*d*) This case is controlled almost entirely by the construction of the statute referred to. The defendant contends that if the attempted act of sexual intercourse was without "force," and not against the will of the female child, who was over ten years of age, with no penetration of the vagina he could not be convicted of the offense of assault with intent to rape; and that the statute was not applicable and was improperly given in charge to the jury. It is an open question in this State, but authority from other States, in the construction of apparently similar statutes, seems to be almost uniform in holding contrary to the position of the defendant. See Callison *v.* State, 37 Tex. Cr. R. 211 (39 S. W. 300); Loose *v.* State, 120 Wis. 115 (97 N. W. 526). And see 22 R. C. L. 1231, 1233, §§ 69, 71.

2. According to the testimony of the State's witnesses, the defendant was on top of the girl, who was lying down on her back with her legs spread apart, and with her clothes up and his private member exposed to her private parts; and the jury credited these witnesses in preference to the defendant's witnesses, whose testimony, if believed by the jury, would have authorized them to find that no such thing happened. The

defendant was represented at his trial and in this court by able counsel, and a jury of his fellows did not believe his statement or the testimony of the witnesses he offered to overcome the evidence of the witnesses for the State. The trial judge has approved the verdict. For no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 4, 1919.

Conviction of assault with intent to rape; from Berrien superior court—Judge Thomas. May 25, 1919.

*J. P. Knight,* for plaintiff in error.

*C. E. Hay, solicitor-general,* contra.