### 11258.   GORDON *v.* THE STATE.

LUKE, J.   1. In the absence of an appropriate written request for fuller instructions, the following charge was a sufficient instruction with reference to the burden of proof, and the degree thereof essential to a conviction: " Notwithstanding this indictment, the defendant enters into the trial of this case with the presumption of innocence in his favor, and that presumption remains with the defendant throughout the entire trial, in the nature of evidence, as a shield and protection, until the State satisfies your minds by the evidence in the case, beyond a reasonable doubt, of the defendant's guilt."

2. An instruction to the jury with reference to the prisoner's statement, which follows, either literally or in substance, the language of section 1036 of the Penal Code (1910), omitting the last sentence only of that code-section, can never afford cause for a new trial. *Pitts* v. *State,*

114 *Ga.* 35 (3) (39 S. E. 87); *McDonald* v. *State*, 129 *Ga.* 452 (2) (59 S. E. 242); *Washington* v. *State*, 136 *Ga.* 66 (2) (70 S. E. 797).

3. Whisky is, as a matter of law, an intoxicant, and this fact need not be proved in a prosecution for selling intoxicating liquors. *Hodge* v. *State*, 116 *Ga.* 852 (1) (43 S. E. 255); *Maddox* v. *Eatonton*, 8 *Ga. App.* 817 (2) (70 S. E. 214). The court therefore did not err in failing to submit this fact to the determination of the jury. *Mundy* v. *State*, 9 *Ga. App.* 835 (5) (72 S. E. 300).

4. The evidence authorized the verdict, and the trial judge did not err in overruling the motion for a new trial.

> *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
> DECIDED APRIL 13, 1920. REHEARING DENIED MAY 12, 1920.

Indictment for sale of liquor; from Jones superior court — Judge Park. December 20, 1919.

*J. B. Jackson,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.