### 13944.  TOBIN v. THE STATE.

LUKE, J.  1. Upon the trial of an indictment for assault with intent to rape it is competent to show that the female upon whom the crime was alleged to have been committed was under fourteen years of age, though the indictment contained no such allegation.  *McMath* v. *State,* 55 *Ga.*

20

303; *Echols* v. *State*, 153 *Ga.* 857 (113 S. E. 171), and authorities cited. Under this ruling there is no merit in the 3d and 5th special grounds of the motion for a new trial.

2. " Under the provisions of the act of the General Assembly of Georgia, raising the ' age of consent ' of female children to fourteen years (Ga. L. 1918, p. 259), the offense of an assault with intent to rape, when committed upon a female child over ten years old and under fourteen years of age, is not a reducible felony; that is, one convicted of such offense cannot, upon recommendation of the jury, be punished as for a misdemeanor." *Atkins* v. *State*, 154 *Ga.* 540 (114 S. E. 876). See also *Wade* v. *State*, 27 *Ga. App.* 650 (109 S. E. 511). Under this ruling there is no merit in the 7th special ground of the motion for a new trial, complaining of the failure of the court to instruct the jury that they might recommend that the defendant be punished as for a misdemeanor.

3. Ground 6 of the amendment to the motion for a new trial complains that the court erred in failing to instruct the jury upon the law of impeachment of witnesses, but does not show that any request for such a charge was made. It is well settled that the court need not charge upon that subject unless requested to do so. *Wyatt* v. *State*, 27 *Ga. App.* 45 (2) (107 S. E. 417).

4. The 1st and 2d grounds of the amendment to the motion for a new trial, complaining that the court erred in permitting certain named witnesses to testify, when they did not understand the nature of an oath, are too defective to be considered, since these grounds fail to show that any objection was made at the trial.

5. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*

DECIDED DECEMBER 13, 1922.

Conviction of assault with intent to rape; from Chatham superior court — Judge Meldrim. August 15, 1922.

*Don H. Clark,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general, Leo A. Morrisey,* contra.