### 15577.　DUNN *v.* THE STATE.

LUKE, J. 1. "In the absence of evidence to the contrary, it may be inferred that a liquor called for and delivered and paid for as whisky is whisky, and therefore intoxicating liquor." *Tompkins* v. *State*, 2 *Ga. App.* 639 (58 S. E. 1111). See also *Lewis* v. *State*, 6 *Ga. App.* 779 (65 S. E. 842); *Howard* v. *State*, 7 *Ga. App.* 61 (2) (65 S. E. 1076). Under this ruling the admission of evidence as to which complaint is made in the motion for a new trial was not error.

2. Failure to instruct the jury on the law of impeachment of witnesses is complained of, but it is not shown that such a charge was requested. It is well settled that it is not reversible error for the court to fail to instruct the jury upon that subject, in the absence of a timely written request to do so. *Tobin* v. *State*, 29 *Ga. App.* 305 (3) (115 S. E. 36), and cit.

3. The refusal to declare a mistrial because of the remarks of the prosecut-

ing attorney does not, under the facts of this case, require a reversal of the judgment below.

4. The evidence amply authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JULY 15, 1924.

Accusation of possession and sale of liquor; from city court of Macon—Judge Gunn. April 11, 1924.

The evidence referred to in paragraph 1 of the decision is described in the motion for a new trial as "a bottle and its contents, the bottle and its contents alleged to have contained whisky, and having thereon a label, identified by the witness Hagan as a label claimed to have been placed on a bottle that he purchased from the defendant on December 24, 1923." Hagan testified (among other things) as follows: "I told Mr. Dunn (the defendant) I wanted a half pint of whisky. He went back in the rear of the store and brought back the half pint with him. I gave him seventy-five cents for it. I put the bottle in my pocket. This is the bottle that I got from his store. I put the label on this bottle myself. . . I bought it on the 24th. . . I carried the bottle home with me. I placed the bottle in my room on the mantelpiece with other bottles. . . The bottles staid in my room at my house from the 24th to the 26th. I turned the bottles over to Mr. Vallette at the City Hall. . . I did not open the bottle. . . I did not smell the contents. . . This looks like the same bottle; this is the label that I put on the bottle. I cannot say whether anybody changed the contents or tampered with it, or not. They could have; I can't say." Vallette testified that this bottle was brought to his office by Hagan and that he (the witness) locked it in a safe and remained in possession of it ever since, and (upon examination of its contents at the trial) that it contained whisky. The admission of the bottle as evidence was objected to by counsel for the defendant, on the ground that the evidence failed to show that its contents were the same when received by Vallette from Hagan as when received from the defendant by the witness; that it appeared that other persons might have tampered with it and changed its contents.

The prosecuting attorney's remarks referred to in paragraph 3 of the decision were as follows: "A short time ago some people were crying for the enforcement of the prohibition law, criticising

the officers of your courts and the jurors for not enforcing the law and punishing those charged with violating the prohibition law. Now those people are asking you to acquit those who are guilty of violating the prohibition law, and you have heard the witnesses in this case condemned for bringing the evidence here to you." The motion for a mistrial was based on the grounds that this statement was unfair and prejudicial to the defendant, and "was outside the record, and not based on any evidence in the case, and was tantamount to an expression by the prosecuting officer that the movant was guilty." The court "refused to reprimand the solicitor or instruct the jury not to be influenced by this statement of the solicitor, and stated that the solicitor was within his rights."

*Hallie Bell, J. F. Urquhart, T. A. Jacobs Jr.,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.