### 23895. VICKERY *v.* THE STATE.

DECIDED MARCH 29, 1934.

*Ulmer & Dowell,* for plaintiff in error.

*Samuel A. Cann, solicitor-general, Andrew J. Ryan Jr.,* contra.

GUERRY, J. ■ At the common law a child under ten years of age was conclusively deemed incapable of consenting to the act of sexual intercourse (*McMath* v. *State,* 55 *Ga.* 303; *Stephen* v. *State,* 11 *Ga.* 225; *Gosha* v. *State,* 56 *Ga.* 36); and where sexual intercourse was had with a child under that age the offense was rape, with or without the consent of the child. See cases cited above. By the act of 1918 (Ga. L. 1918, p. 259), the General Assembly fixed the minimum age at which a female can consent to sexual intercourse at fourteen years, and makes it unlawful for any person to have sexual intercourse with any female under that age, unless he shall have previously become lawfully married to her. *Echols* v. *State,* 153 *Ga.* 857 (113 S. E. 170); *Davis* v. *State,* 152 *Ga.* 320 (110 S. E. 18). The act cited above did not create a *new* and *separate* crime of rape, but merely raised the age of consent of a female under the Penal Code, § 93 (*Echols* v. *State,* supra). Where one is charged with *assault with intent to rape* upon a female under the age of fourteen years, it is not necessary that it be shown that the attempt was forcible and against her will. *Todd* v. *State,* 25 *Ga. App.* 411 (103 S. E. 496); *Suggs* v. *State,* 24 *Ga. App.* 323 (100 S. E. 778); *Ollis* v. *State,* 44 *Ga. App.* 793 (163 S. E. 309). See also *Tobin* v. *State,* 29 *Ga. App.* 305 (115 S. E. 36). Therefore, in an assault with intent to rape upon a female under the age of fourteen years it is only necessary to show an intent to have carnal knowledge of the female, and that some overt act was done towards the accomplishment of that purpose (*Gaskin* v. *State,* 105 *Ga.* 631, 31 S. E. 740; *Dorsey* v. *State,* 108 *Ga.* 477, 34 S. E. 135; *Horseford* v. *State,* 124 *Ga.* 784, 53 S. E. 322), the intention entertained by the defendant being a question for determination by the jury under the facts and circumstances surrounding the occurrence. *Dunn* v. *State,* 56 *Ga.* 401. Under the principles stated above, where one was indicted for the offense of assault with intent to rape a female under the age of fourteen years, and the evidence disclosed that the accused, who was the stepfather of the prosecutrix, was seen with the prosecutrix, who was eleven years of age, under his house, lying on top of her with his private parts exposed, and the testi-

mony of the prosecutrix was that he unbuttoned her bloomers, but that for some reason, perhaps fear of detection on the part of the accused, no actual consummation of the crime was had, the evidence was amply sufficient to support the verdict finding him guilty of assault with intent to rape.

Children who do not understand the nature of an oath are held to be incompetent witnesses. Civil Code, § 5862. It is the duty of the court, upon preliminary examination, to decide as to the competency of a child of tender years. Civil Code (1910), § 5865. The discretion of the court in holding a child competent will not be interfered with unless manifestly abused. *Peterson* v. *State,* 47 *Ga.* 524; *Beebee* v. *State,* 124 *Ga.* 775 (53 S. E. 99); *Young* v. *State,* 125 *Ga.* 584 (54 S. E. 82); *Rogers* v. *State,* 11 *Ga. App.* 814 (76 S. E. 366). No such abuse on the part of the trial judge in qualifying witnesses for the State appears.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*