### 26282. FAULK *v.* THE STATE.

BROYLES, C. J. 1. "No judgment of a trial court in a criminal case shall be reversed by either the Supreme Court or the Court of Appeals for lack of proof of venue or of the time of the commission of the offense, save where the particular point has been specifically raised by a ground of the original or amended motion for a new trial." Ga. L. 1911, p. 150 (Code, § 6-1609); *Shirley* v. *State*, 32 *Ga. App.* 780 (124 S. E. 812). In the instant case the lack of proof of venue was not specifically raised by any ground of the motion for new trial, and therefore that question is not before this court.

2. "An affidavit in support of the witness upon whose newly discovered evidence a new trial is sought must give the names of his associates, a statement that he keeps good company not being sufficient to meet this requirement, which is necessary to enable the prosecution to make a counter-showing; and where such affidavit does not comply with this requirement, the trial judge does not abuse his discretion by refusing to grant a new trial on this ground." *Ivey* v. *State*, 154 *Ga.* 63 (6) (113 S. E. 175). The above-stated ruling has repeatedly been approved and followed by the Supreme Court and this court. In the instant case the affidavit in support of the two witnesses, on whose alleged newly discovered evidence a new trial is sought, fails to give the names of their associates, and therefore the court did not err in overruling the ground of the motion for new trial based on the alleged newly discovered evidence. Furthermore, that evidence is not of such a character as would likely cause a different verdict to be returned on another trial.

3. The verdict was authorized by the evidence; and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JUNE 17, 1937.

14

*Lee S. Purdom, Eldon L. Bowen,* for plaintiff in error.
*John S. Gibson, solicitor-general,* contra.