## 27628. CARVER v. THE STATE.

DECIDED SEPTEMBER 12, 1939.

*Wyatt & Morgan,* for plaintiff in error.

*L. L. Meadors, solicitor-general,* contra.

MacINTYRE, J. 1. At the beginning of the trial for the offense of bastardy, the solicitor-general tendered in evidence the affidavit of the mother of the bastard child, the warrant issued thereon, and the order of the magistrate requiring the defendant to give bond and committing him to the city court of LaGrange on his failure or refusal to give bond. The evidence was admitted over the objection by the defendant's counsel. This ground is controlled adversely to the plaintiff in error by the ruling in *McCalman* v. *State,* 121 *Ga.* 491 (3) (49 S. E. 609). See also *Thomason* v. *State,* 18 *Ga. App.* 331 (1-a) (89 S. E. 436); *Rudulph* v. *State,* 16 *Ga. App.* 353 (5) (85 S. E. 365).

2. The plaintiff in error contends that the court erred in allowing Bassett, a child seven years of age, to testify, over the objection that he did not understand the nature of an oath. After a preliminary examination, the court ruled that the child was competent. "It is the duty of the court, upon preliminary examination, to decide as to the competency of a child of tender years. Civil Code (1910), § 5865 [1933, § 38-1610]. The discretion of the court in holding a child competent will not be interfered with, unless manifestly abused." *Vickery* v. *State,* 48 *Ga. App.* 851, 853 (174 S. E. 155). "The trial judge had the child before him and had the benefit of the manner in which she answered the questions propounded to her, and he was, therefore, in a much better position to form a correct opinion on the subject than this court, which simply has before it the written answers of the child. At last the jury, who saw the child and heard her answers to the questions relating to her competency, were the judges of whether her testimony was entitled to credit." *Webb* v. *State,* 7 *Ga. App.* 35, 36 (66 S. E. 27). "This court will not interfere to grant a new trial on the ground that a child seven years of age was permitted to testify, when the presiding judge, from examina-

tion and inspection of the child, was satisfied as to her intelligence to understand the nature of an oath, especially when there is abundant evidence to convict without the child's testimony." *Johnson* v. *State*, 61 *Ga.* 35. No manifest abuse appears on the part of the trial judge in qualifying the witness for the State. It might be added that there was abundant evidence to convict, without the child's testimony.

3. Exceptions to the judge's charge contained in special grounds 3, 4, 5, and 6 are not meritorious.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*