### 29331. BROWN *v.* THE STATE.

DECIDED NOVEMBER 14, 1941.

*Kelly & Hicks,* for plaintiff in error.
*Henderson L. Lanham, solicitor-general,* contra.

GARDNER, J. The defendant was convicted of the illegal sale of whisky, though it was properly taxed and bore the required revenue stamps, in a county where its sale was not authorized under the revenue tax act to legalize and control alcoholic beverages and liquors (Code, §§ 58-1001 et seq.). He filed a motion for new trial on the general grounds only. The court overruled the motion and the defendant excepted. Two grounds of the motion are urged and argued.

1. The defendant insists that the venue was not proved, as the only evidence was that the defendant lived just outside the limits of the City of Rome. The general grounds are insufficient to raise this question. Code, § 6-1609. Unless the lack of proof of venue is specifically raised in a ground of the motion for new trial there is no question before this court for determination. *Faulk* v. *State,* 56 *Ga. App.* 13 (192 S. E. 79).

2. The defendant insists that the corpus delicti was not proved. The evidence showed that the revenue agent went to the home of the defendant and called on him to sell the agent a bottle of whisky. The defendant sold the agent a bottle of liquid labeled whisky which bore United States and State revenue stamps. It looked like whisky, and $1.25 was paid as the purchase-price. Under this evidence there is no merit in this contention. *Tompkins* v. *State*, 2 *Ga. App.* 639 (58 S. E. 1111).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*