30181. GRANT *v.* THE STATE.

Decided September 29, 1943.

*Henry A. Stewart,* for plaintiff in error.
*Hal C. Hutchens, solicitor-general,* contra.

Gardner, J. A negro man, fifty-five years old, shortly after midnight on March 5, 1943, made an attack upon a white girl of eighteen years. The girl was going from her work at the Good-year Mills in Cedartown. She worked from four o'clock in the afternoon until twelve o'clock midnight. She met the negro in front of the Senator Harris Hotel, and he turned and followed her. She slowed up for him to pass. He did not pass. He grabbed her from behind, pulled her head against the front of his body, and put his arm around her neck. She had on a wrist-watch. She had on her work apron which contained a knife with which she worked, and her pay check and a little money. It was "kinder dark" where he made the attack. He endeavored to pull the girl to a grassy spot behind or near a tool-house adjacent to a railroad. He started pulling the girl toward the railroad, saying "Come on." The girl made an effort to extricate herself from his clutches. In doing so she tried to cut him with a knife, and cut herself. She fell down during the scuffle, and he kicked her and hit her in an effort to drag her toward the grass and tool-house. During the scuffle the girl dropped her watch. No effort or demand was made to rob her of personal property. While the attack was being made Mr. and Mrs. Barber drove near the place in an automobile, and were attracted by the fighting and kicking of the girl and her call for help. The girl and Mr. and Mrs. Barber positively identified the defendant as the one who made the attack. When Mr. and Mrs. Barber appeared the man fled. He was described as having "a slight hump and a kind of limp in his walk as if crippled in one foot, and a mustache." The girl testified that she had seen the defendant once, something like a week before the attack; that one night she was walking up Broad Street, and the defendant met her, and that he made to her the remark, "Hello, Sugar."

In a case of the kind before us, the burden is upon the State

to prove beyond a reasonable doubt three essential elements: first, an assault; second, an intent to have carnal knowledge of the female; third, the purpose to carry into effect this intent with force and against the will of the female. It is not argued that the assault was not proved. Much is said by counsel on the argument that the intent was lacking. As to this we disagree. The evidence does not reveal any effort whatever to rob the girl of any of her personal property. The assailant had ample time to do so. He did not disturb her money or her check, or make any effort to get her watch. That the attack was made for the purpose of robbery, or any other purpose save that of satisfying the lustful desires of the defendant, can not be drawn from this record save by the wildest speculation. That the attack was made solely for the purpose of having carnal knowledge of the female attacked, forceably and against her will, is amply sustainable by the evidence. First, the difference in race is legitimate to consider. Again, the endearing term he used to her one week before, within itself, we think, reflects the intent. Then also, the dragging of the girl toward the little house and the grassy spot, accompanied by the words "come on," evidences intent. All of these facts, taken together, certainly authorize, if they do not demand, a finding beyond a reasonable doubt that the intent was for the purpose alleged in the indictment. The record is overwhelming in its proof that such intent was accompanied by force and against the will of the female.

The decisions cited and relied on by the plaintiff in error are as follows: *Johnson* v. *State,* 63 *Ga.* 355; *Gaskin* v. *State,* 105 *Ga.* 631 (31 S. E. 740); *Dorsey* v. *State,* 108 *Ga.* 477 (34 S. E. 135); *Pauldo* v. *State,* 29 *Ga.* App. 389 (115 S. E. 668); *Little* v. *State,* 42 *Ga. App.* 222 (155 S. E. 352); *Green* v. *State,* 42 *Ga. App.* 437 (156 S. E. 637). These cases are by their facts differentiated from the instant case. The facts of the case at bar are more nearly like those set forth in *Davis* v. *State,* 46 *Ga. App.* 732, where this court upheld the conviction. The court did not err in overruling the motion for new trial.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*