36904. RAINES *v.* THE STATE.

728

Decided November 15, 1957—Rehearing denied December 2, 1957.

*Ray & Owens, J. Walter Owens,* for plaintiff in error.
*John H. Land, Solicitor-General,* contra.

Carlisle, J. R. L. Raines was tried and convicted in the Superior Court of Muscogee County on an accusation charging him with the offense of selling whisky without a license. He made a motion for new trial on the usual general grounds which was denied and the exception here is to that judgment. On the trial, Frank McGuffey, a member of the Columbus, Georgia, police force testified that he was in "Roddy's Bar and Grill" at 1300½ Broadway, Columbus, Georgia, on the day of the alleged offense and that he observed the defendant, whom he knew, serve a customer a mixed drink which he observed the defendant prepare by pouring a jigger full of whisky from a fifth bottle into a glass and adding thereto ice and soda water, and that he observed the customer pay the defendant 60 cents for the drink. It was stipulated by the State and defense counsel that the liquid contained in two bottles which were confiscated by the prosecuting witness at the time he arrested the defendant was "Bourbon whisky mixed with fermented alcohol or spirits; Bourbon and Scotch whisky respectively mixed with a quantity of fermented alcohol or spirits," and that the liquid poured into the glass came from the bottle which contained the Bourbon whisky mixed with the other ingredients. It was further stipulated that the defendant did not have a retail liquor dealers' license. The defendant in his statement said: "Your Honor, I contend that the total alcoholic content of that drink was less than 12 percent by volume and contained fermented alcohol or spirits. That is

the only statement that I have to make." The defendant introduced into evidence a State retail license for wine issued for the year 1957 to Choppey's Bar and Grill, 1300½ Broadway, Columbus, Georgia, which authorized the licensee to sell wine by the bottle or drink under the provisions of § 2(b) of the Act approved February 15, 1938 (Ga. L. 1937-38, Ex. Sess., p. 185).

Muscogee County, wherein the offense alleged in the accusation in this case occurred, has by referendum adopted the provisions of the Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors (Ga. L. 1937-38, Ex. Sess., p. 103, et seq.), a fact of which this court will take judicial notice. *Domin* v. *State*, 85 *Ga. App.* 676 (1) (70 S. E. 2d 39). In counties which have by special election adopted the provisions of this act, the sale of spirituous alcoholic beverages is legal. In all other counties, however, the provisions of the old so-called bone dry law remain of force and effect. Code (Ann.) § 58-1002. However, even in counties which have adopted the provisions of the Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors, the sale of spirituous alcoholic beverages is a privilege which may be engaged in not as a matter of right but only in strict accordance with the licensing and control provisions of the law. *Bernstein* v. *Peters*, 68 *Ga. App.* 218, 221 (22 S. E. 2d 614); *Owens* v. *Rutherford*, 200 *Ga.* 143, 148 (36 S. E. 2d 309). This act provides for three classes of licenses, to wit, for manufacturers, for wholesalers and for retailers. Code (Ann.) §§ 58-1023—58-1026. A retailer's license authorizes the holder to sell only in the original and unbroken package or packages which package or packages shall contain not less than one-half pint of distilled spirits or alcoholic beverages, and the act expressly forbids the breaking of the package or packages on the premises where sold and prohibits the drinking of the contents on the premises where sold. Code (Ann.) §§ 58-1026, 58-1027.

Under the provisions of this act, it is apparent that the legislature intended not only to tax but also to license and control the sale and consumption of spirituous alcoholic beverages. *Bernstein* v. *Peters*, 68 *Ga. App.* 218, supra. It would be a strange construction, to say the least, to hold that the legislature, in providing for three kinds of licenses and in defining a retailer's license and the manner in which whisky might be sold

thereunder, intended to exclude from the provisions of the law and to leave unlicensed, uncontrolled and unregulated all other conceivable methods of selling such beverages. Whisky may be sold in Georgia by persons only under a license issued pursuant to the provisions of the aforesaid act and the mere fact that the legislature failed to prohibit the sale of mixed drinks does not render their sale lawful where the act expressly prohibits the sale of whisky in quantities of less than one-half pint and prohibits the consumption of whisky on the premises where sold. The fact that the whisky is mixed with other ingredients in a glass and thus served to the consumer does not change its character from whisky to something else (Code, Ann., § 58-1011) so as to render the sale and the consumption thereof not subject to regulation.

The evidence authorized the verdict.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*