## 43111. STROZIER v. THE STATE.

Pannell, Judge. The defendant was tried and convicted on five counts of burglary. He was sentenced to four years on Count 1 to follow a sentence in another case. As to the other counts he was sentenced to four years on each count with the sentences to run consecutively with each other and with that on Count 1. A motion for new trial on the general grounds and on the three special grounds was overruled and the defendant appealed. The enumerations of error were (1) the failure of the trial judge to grant a new trial, (2) that the verdict of guilty on Count 1 was error in that there was no proof of breaking and entering made out by the evidence, (3) that the sentence of 20 years given in said case was excessive and constituted cruel and unusual punishment, (4) that the refusal of the court to charge the jury on the question of insanity was error the facts showing previous acts that indicated insanity. *Held:*

1. The evidence showed that the house involved in Count 1 had been left locked and that after the alleged burglary there were no indications as to how the burglar entered. There was evidence that the defendant stated to the police that he entered this particular dwelling by the side door. Under these circumstances the jury was authorized to find that there was a breaking and entering under the evidence.

2. The sentences complained of were not excessive, and did not constitute cruel and unusual punishment, the total of the sentences in all the cases not being more than the maximum for one offense. See *Code* §§ 26-2401, 26-2402. See also Art. I, Sec. I, Par. IX of the Constitution of this State (*Code Ann.* § 2-109); *Fogarty v. State,* 80 Ga. 450 (5 SE 782); *Whitten v. State,* 47 Ga. 297, 301.

3. The only evidence as to insanity at the time the alleged offense was committed was the testimony of the defendant's mother and the defendant. She testified that he wears pants that are too small, and that he gets along with 6 or 5 year old children better than he does with an older person, that he is not a good student, that he is in the tenth grade, but "is just like a third year old child," that he reads funny books and reads his school books when he gets a notion and that she sometimes has to help him with his homework, that one morning when his Daddy "fell out at the table" he jumped up and started hollering and ran through the house, that the defendant has never had any treatment for "his mental condition," that all his life she has noticed a "difference in his mental condition." Also the defendant testified that he would wake up and find things in his possession and he didn't know how they got there, such as money in his pocket, that in school sometimes he wasn't too much interested in the school or the teacher—"seems sometimes like my mind is in outer space."

The evidence was insufficient to show insanity within the definition of *Code* § 26-301. Under these circumstances it was not reversible error to fail to charge the jury relating to the defense of insanity at the time of the commission of the alleged unlawful act. See in this connection *McKinnon v. State,* 51 Ga. App. 549 (181 SE 91).

*Judgment affirmed. Bell, P. J., and Whitman, J., concur.*

SUBMITTED OCTOBER 4, 1967—DECIDED DECEMBER 5, 1967.

*Miles B. Sams,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, John W. Stokes, Amber W. Anderson,* for appellee.