## 43377. STUART v. THE STATE.

PANNELL, Judge. The defendant was indicted, tried and convicted of a misdemeanor, in unlawfully selling "alcoholic, spirituous, intoxicating liquors" contrary to the laws of this State (see *Code* §§ 58-102, 58-123) in a county which had not had an election authorizing the sale of such liquors. See *Raines v. State,* 96 Ga. App. 727 (101 SE2d 589). The trial judge sentenced the defendant to serve 12 months in the

public works camp of the county and fined him $1,000, as authorized by law for misdemeanors; the judgment and sentence, however, recited that the defendant had "been found guilty of selling t/p [tax paid] liquors w/o [without] license." The defendant's motion for new trial was overruled and he appealed. *Held:*

1. An indictment as in the present case charging a sale of such liquors in a named county on a certain day is not subject to demurrer or motion to quash because it is not alleged what kind of liquor was sold, the amount thereof, and the name of the person to whom sold. *Snider v. State,* 37 Ga. App. 41, 43 (138 SE 527); *Camp v. State,* 3 Ga. 417 (1); *Knowles v. State,* 166 Ga. 182 (1) (142 SE 676).

2. Whiskey is, as a matter of law, an intoxicant, and this fact need not be proved (*Gordon v. State,* 25 Ga. App. 189, 190 (3) (103 SE 38); *Brown v. State,* 86 Ga. App. 797, 800 (72 SE2d 545)), and it may be inferred that liquor called for and delivered and paid for as whiskey is whiskey and intoxicating liquor. *Dunn v. State,* 32 Ga. App. 491 (123 SE 905).

3. The trial court did not err in refusing to charge the law relating to entrapment and in refusing to allow an attorney for the defendant to argue this question to the jury. See *Bienert v. State,* 85 Ga. App. 451, 454 (3) (69 SE2d 300). The fine and sentence, which was within the limits authorized by the laws of this State as a punishment for misdemeanors, is not an excessive, cruel, and unusual punishment in violation of Art. I, Sec. I, Par. IX (*Code Ann.* § 2-109) of the Constitution of this State or of Art. VIII of the Constitution of the United States (*Code* § 1-808).

4. Other enumerations of error not herein specifically dealt with are without merit, and no error appearing, the judgment must be affirmed.

5. While the defendant is not entitled to a new trial on the offense charged in the indictment, it appears that the trial court in rendering its judgment and pronouncing sentence adjudged the defendant guilty of a crime not charged in the indictment. Accordingly, the judgment is affirmed with direction that the trial court vacate its judgment and sentence and enter a new judgment and sentence in accordance with the verdict found.

*Judgment affirmed with direction. Jordan, P. J., and Deen, J., concur.*

ARGUED JANUARY 15, 1968—DECIDED JANUARY 19, 1968—REHEARING DENIED FEBRUARY 6, 1968—CERT. ▆▆▆▆

185

*W. B. Mitchell,* for appellant.
*Edward E. McGarity, Solicitor General,* for appellee.