45397. BEARDEN v. STATE OF GEORGIA.
45398. BONNER v. STATE OF GEORGIA.

EBERHARDT, Judge. Defendants, as juveniles, were found beyond a reasonable doubt to be in a state of delinquency from the commission of the offense of rape upon a thirteen-year-old girl, and were committed to the State Division for Children and Youth, Department of Family and Children's Services, for placement in the youth development center, as provided for in *Code Ann.* § 24-2421 (1)(b) (Ga. L. 1951, p. 291, et seq.; Ga. L. 1968, p. 1013, et seq.).

The sole basis for the appeals is that the sentence, being for an indefinite period, is cruel and unusual punishment and thus prohibited by Art. I, Sec. I, Par. IX of the Constitution of Georgia *(Code Ann.* § 2-109). *Held:*

1. A sentence is not cruel and inhumane within the constitutional inhibition so long as it is within the statutory limit. *Whisman v. State,* 221 Ga. 460 (1) (145 SE2d 499); *Grice v. State,* 224 Ga.

376 (7) (162 SE2d 432); *Prater v. State,* 16 Ga. App. 296 (4) (85 SE 204); *Strozier v. State,* 116 Ga. App. 777 (2) (159 SE2d 182); *Stuart v. State,* 117 Ga. App. 183 (3) (160 SE2d 409).

2. Where the evidence authorizes a finding of guilt of forcible rape (as here), the punishment provided by *Code Ann.* § 26-2001 is death, imprisonment for life, or imprisonment for not less than one nor more than twenty years. Where the evidence authorizes a finding of guilt of statutory rape (as here), the punishment provided by *Code Ann.* § 26-2018 is imprisonment for not less than one nor more than twenty years. It is also provided that there may be a conviction for criminal attempt, even though the crime attempted was actually committed in pursuance of the attempt, *(Code Ann.* § 26-1004), in which event the punishment is fixed by *Code Ann.* § 26-1006 at not less than one year nor more than half the period of time that might have been the punishment had he been convicted of the offense itself, or if punishable by life imprisonment or death not less than one nor more than ten years. If the offense itself were a misdemeanor, the punishment for the attempt is the same as for the offense. Where the maximum punishment for the offense charged is ten years, the jury may recommend misdemeanor punishment, and the court may, in its discretion, impose misdemeanor punishment. *Code Ann.* § 26-3101.

3. It is urged that since the defendants might have been tried as adults *(Code Ann.* § 24-2409(1)), and there could have been convictions for attempt to rape, and that the punishment for that offense might have been reduced to that for a misdemeanor, the punishment meted out to these fifteen-year-old defendants by the juvenile court exceeded that which might have been meted out to an adult, and was thus discriminatory, cruel and inhumane.

With this contention we do not agree. While it is true that the commitment to a youth development center for an unspecified period of time might, under *Code Ann.* § 24-2421(1)(b), run until they reach the age of 21 years, it is within the ambit of the statutory provision, and while that may be greater than the minimum sentence possible, it is less than the maximum possible and is not, under the doctrine of the cases cited above, cruel or inhumane.

Moreover, the adjudication of delinquency is not to be treated as a conviction of a crime *(Code Ann.* § 24-2418), and the commitment to the Division of Family and Children's Services for correctional treatment in a youth development center is not, strictly speaking, a "sentence" or punishment within the meaning of the general criminal statutes. It is referred to in the statute as "care and treatment [which] the court may deem for the best interest of the child," though it does authorize the commitment of juveniles for an act which, if committed by an adult, would be a crime under Federal or State law, as well as for other matters. Provision is made for review and modification or termination of the commitment under *Code Ann.* § 24-2422. The enumeration of error is not meritorious.

> *Judgments affirmed. Jordan, P. J., and Pannell, J., concur.*
> ARGUED JUNE 4, 1970—DECIDED JUNE 12, 1970.

*Skinner, Wilson & Beals, Warner R. Wilson, Jr.,* for appellants.
*Lewis R. Slaton, District Attorney, Tony H. Hight,* for appellee.