Deen, Judge,
dissenting. 1. There has been no motion to dismiss this appeal, and I do not consider the record before us gives any scope to this court to dismiss on its own motion. As the Supreme Court stated in Southern Bell T. & T. Co. v. Ga. Pub. Serv. Comm., *423 203 Ga. 832, 872 (49 SE2d 38): "Since the jurisdiction of the court was not questioned in any manner provided by law, it can not be raised here unless the judgment on its face shows want of jurisdiction.” The trial judge certified that the motion to compel discovery, a copy of which is in the record, came on for argument and that "arguments having been heard and considered, it was ordered and adjudged that said motion to compel discovery was denied.” He further certified on December 21, 1972, that he did, on December 11, 1972, deny the juvenile’s motion to compel discovery and that now "within 10 days thereof, I hereby certify that said order is of such importance that. . . direct appeal to the Court of Appeals is proper and should be had.” (Emphasis supplied.) These two orders, in both of which the trial judge assures us that he did in fact enter the order complained of and certify it for review within the time limited, has not been questioned by either litigant, and should not now be raised by this court at a grave risk of doing injustice to the parties involved.
2. The juvenile here involved had, at the time of the alleged car theft, burglary, and theft barely turned 16 years of age. The record fails to show when counsel was obtained for him, but the motion to compel the solicitor to turn over any incriminating statements or confessions made by him to officers of the law was filed several months after the petition to have him adjudged delinquent. From this we may assume (1) there is some basis for believing that the juvenile made a confession or near confession, and (2) counsel was not present when he did so. In the face of In re Gault, 387 U. S. 1, 35 (87 SC 1428, 18 LE2d 527), it is hard to imagine how such a document could be used in an adjudication hearing; it might, however, contain matter which, if unknown to counsel, could gravely prejudice the defense. It was there held that "due process requires that an infant have a right to counsel,” but it is unthinkable to insist on the appointment of counsel for an indigent infant (as the record shows the defendant to be) and then deny to counsel all knowledge of what the state has been able to discover from the child in his absence, It is perfectly true that discovery does not apply to criminal proceedings, but we have reiterated countless times that a delinquency proceeding is not a criminal case. What do we mean by that, if we insist on using the technicalities of criminal procedure against the infant and thus give him "the worst of both worlds?” "The adjudication of delinquency is not to be treated as a conviction of a crime.” Bearden v. State, 122 Ga. App. 25, 27 (176 SE2d 243). "No action taken against a child under the *424 provisions of this Chapter shall be denominated as a criminal action.” Code Ann. § 24-2418. "Proceedings thereunder are civil and not criminal.” Hampton v. Stevenson, 210 Ga. 87 (78 SE2d 32). If treated as civil proceedings, as the code and both our appellate courts have held them to be, then the discovery provisions of our Code Ann. § 81A-137 apply. If treated as a criminal case, then surely, under Gault, the use by the state of a confession obtained from the child in the absence of counsel and the right to review which is refused to counsel is equally an abridgement of due process, and this whether the state introduces the confession in evidence or not. If knowledge of admissions by the child are denied to counsel, it is inconsistent to hold that (a) there is a right to counsel, and (b) an infant cannot, under some circumstances, even waive the presence of counsel and make a valid confession in his absence. This is all the more true when the act itself demands that the confessions of infants be subjected to the closest scrutiny and establishes that a confession of a child, although otherwise valid, "is insufficient to support an adjudication of delinquency unless it is corroborated in whole or in part by other evidence.” Code Ann. § 24A-2002 (b). The provisions of the chapter are to be liberally construed to the end that the child be protected. Code Ann. § 24A-1801. To allow adjudications of delinquency to rest, directly or indirectly, on statements of children made out of the presence of counsel, is to use the juvenile act against, not with a purpose of protecting, the constitutional rights of the child. The provisions of Code Ann. § 24A-3501 which provide that files and records of juvenile courts are open to inspection only upon order of the court, is designed to protect the child, not to cut off his defenses. To say that this section gives the juvenile court judge the right to refuse to the child’s counsel knowledge of confessions the child has made in his absence, and which are therefore presumptively inadmissible in evidence but which may nevertheless form the basis of the prosecution; which courts have constantly reiterated should be viewed with suspicion and scrutinized closely; which have been obtained frequently under duress or as a result of the ignorance and inexperience of the child; to allow the use of such material against the child without revealing its existence and nature to the child’s legal counselor, is, in my opinion, contrary to the purpose for which this section was placed in the act, and therefore constitutes an abuse of the trial court’s discretion.
As to the demand for the confessions of alleged codefendants, the refusal of this material may well be within the discretionary *425 judgment of the trial court. I do not consider it to be so with regard to prior statements of the defendant himself.
It might also be noted that although we are aware that the production of the confessions sought was specifically requested under Rule 34 (Code Ann. § 81A-134, Production of Documents in Civil Cases), counsel might also have required a subpoena for the production of the documentary evidence sought under Ga. L. 1966, p. 502 et seq. (Code Ann. § 38-801), which by the second section of the Act (Code Ann. § 38-802) is specifically made available in criminal cases. Thus, the argument that discovery is not available in criminal cases involving adults (if true as a blanket proposition, which we doubt) would not apply to material sought under subpoena, as the documents here might have been.
Evans, Judge, dissenting. The notice of appeal in this case is dated January 10, 1973, and appeals from "The order of Court dated December 11, 1972 denying the juvenile’s motion to compel discovery of any and all confessions, admissions or statements made by the said juvenile or his codefendants.”
Judge Eberhardt very persuasively argues that there is no order in the record as is described by appellant from which to take an appeal, and same should be dismissed.
But there is in the record an order dated December 21, 1972, reciting at the outset as follows: "By order of Court dated December 11, 1972, the above named juvenile’s motion to compel discovery of any and all confessions, admissions or statements made by the said juvenile or his codefendants, was denied . . .” Thus, the order as described in the notice of appeal, and the actual order in the record, contain the same language, identically. But the order in the record is dated December 21, 1972, whereas it is described in the notice of appeal as the "order of the Court dated December 11, 1972.”
It is quite obvious that the order in the record and the order described in the appeal are one and the same, albeit the date is different. But appellant’s notice of appeal is timely, even if the correct date of the order is December 11, instead of December 21.
I do not believe a dismissal should result here.