A92A1176. BOYD v. THE STATE.
(420 SE2d 389)

McMURRAY, Presiding Judge.

Following a jury trial, defendant was found guilty of possessing less than one ounce of marijuana, driving under the influence ("DUI"), hunting at night, hunting from a vehicle and hunting from a public road. With regard to the marijuana charge, defendant was fined and sentenced to 12 months probation on condition that he serve 120 days in the Blairsville Detention Center and submit to drug and alcohol treatment. Until there was an opening at the Blairsville Detention Center, defendant was "remanded to the custody of the Dawson County jail." Defendant was also fined and sentenced to 12 months probation upon the DUI charge and to "serve 120 days at the Blairsville Probation Detention Center concurrent to [the possession of marijuana sentence]." However, the sentencing court added that probation on the DUI charge was to "run consecutive" to probation on the possession of marijuana charge. With regard to the other charges, defendant was fined and given concurrent sentences of 12 months probation. Defendant appeals. *Held:*

In his sole enumeration of error, defendant contends the sentences he received constitute cruel and unusual punishment in violation of Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia. More specifically, defendant asserts he is being punished cruelly and unusually because he has been remanded to the Dawson County Jail for an unspecified period, i.e., until there is an opening for him at the Blairsville Detention Center. This contention is without merit. Defendant has not been sentenced for an unspecified period of time. He received a 12-month sentence and he has been permitted to serve that sentence on probation provided he comply with certain conditions.

"A sentence is not cruel and inhumane within the constitutional

inhibition so long as it is within the statutory limit. *Whisman v. State,* 221 Ga. 460 (1) (145 SE2d 499); *Grice v. State,* 224 Ga. 376 (7) (162 SE2d 432); *Prater v. State,* 16 Ga. App. 296 (4) (85 SE 204); *Strozier v. State,* 116 Ga. App. 777 (2) (159 SE2d 182); *Stuart v. State,* 117 Ga. App. 183 (3) (160 SE2d 409)." *Bearden v. State of Ga.,* 122 Ga. App. 25 (1) (176 SE2d 243). Inasmuch as the probated sentence which defendant received is within the statutory limit, it does not constitute cruel and unusual punishment.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur..*

DECIDED JUNE 29, 1992.

*Thompson, Fox, Jolliff, Chandler & Homans, Robert B. Thompson, Wagner & Associates, D. W. Wagner,* for appellant.

*C. Andrew Fuller, District Attorney, Ben L. Leutwyler III, Assistant District Attorney,* for appellee.